96 So.2d 774 (1957)
NATIONAL HOTEL, Inc., a Florida corporation, Appellant,
v.
Harry KORETZKY, Appellee.
Supreme Court of Florida.
July 10, 1957.
Rehearing Denied September 18, 1957.
Ward & Ward, Miami, for appellant.
Sibley & Davis, Miami Beach, for appellee.
ROBERTS, Justice.
Near the end of the term of a lease of hotel premises a controversy developed between the lessor, appellee here, and the lessee, appellant here, as to their respective liabilities under the lease and the amount of the lessee's security deposit to be returned to it at the expiration of the leasehold term. A suit was instituted by the lessee to recover a portion of its security deposit, in which the lessor counterclaimed for damages to the interior of the premises. Thereafter the parties entered into a stipulation agreement by which all claims were settled or *775 waived except as to the amount necessary to compensate the lessor for "any shortages, lack of repair, renovation, or restoration" of all furniture, equipment and other items inventoried at the inception of the lease "in order that the redelivery of the personal property and equipment and inventory to said Harry Koretzky shall be in accordance with the terms of the lease." They stipulated that the lessor's claim in this respect should be submitted to arbitration, as provided for in the lease, and that the findings of the arbitrators should be final, conclusive and binding upon the parties.
In due course the arbitrators and the umpire filed their report, awarding the lessor $4,825 as his compensation, and possession of the hotel premises was taken by the lessor. Some 30 days later, upon motion of the lessor (filed in the litigation referred to above) that the arbitrators "were obviously mistaken in interpreting the formula or method to be used in determining the award which should be made to the lessor for items which were not contained in the hotel and which were shortages of inventory," the trial judge set aside the award. Certiorari to review the order setting aside the award was denied by this court and an appeal from such order dismissed, but "without prejudice to the rights of the appellant [lessee] herein to raise the same questions as reflected in its assignments of error regarding the setting aside of the award of the arbitrators after final determination of the cause which is still pending in the Circuit Court for Dade County, Florida". The trial judge, without a jury, heard the evidence on the question of the amount due the lessor and entered a judgment awarding him some $32,600. The lessee has appealed.
The parties do not agree as to whether the arbitration award in question was a statutory award or a common-law award. If a statutory award, it may be set aside only on the ground of fraud, corruption, gross negligence, or misbehavior of one or more of the arbitrators or the umpire who may have signed the award, or of evident mistake acknowledged by the arbitrators or umpire. Section 57.07, Fla. Stat. 1955, F.S.A.; Cassara v. Wofford, Fla. 1951, 55 So.2d 102. If a common-law award, the attack on the award may be based on a charge that the arbitrators erroneously applied rules of law in arriving at their decision. See Glens Falls Ins. Co. v. Gulf Breeze Cottages, Inc., Fla. 1949, 38 So.2d 828. We have concluded that, even if it be assumed to be a common-law award, the trial judge erred in setting it aside.
The only attack of any substance made on the award by the lessor was that the arbitrators and the umpire erroneously took into consideration depreciation in arriving at the amount to be awarded for shortage items or items damaged beyond repair. The lessee's obligation as to the return of inventoried items of personal property at the end of the leasehold term was stated in the lease as follows:
"It is further understood and agreed by and between the parties that during the continuance of this lease the Lessee will take care of and preserve the personal property, and will allow the Lessor access to the premises at all reasonable times to enable the Lessor to check said personal property, and the Lessee will replace all broken, damaged and missing personal property delivered to him as part of the equipment furnishings of the said hotel at the termination of the lease and will redeliver all of said personal property, together with replacements thereof, in as good condition and state of repair as when received by him, said Lessee, reasonable wear and tear, natural depreciation and obsolescence and damage by fire, windstorm or act of God, or the public enemy excepted; or else, the Lessee will account to and pay unto the Lessor for any such broken, damaged or misplaced personal property." * * *

*776 "Covenants of the Lessees: * * *
"Twelfth: At the expiration of the term, quietly and peaceably to deliver said premises, together with the personal property described in the inventory, as above set forth, unto the Lessors, in good condition, together with the accretions, improvements, alterations, replacements and changes which may have been made therein by the Lessees, natural wear and tear and damage by fire and the elements alone excepted; * * *"
The lessor contends in his brief that the above-quoted lease provisions should be interpreted as providing that "shortage items should be adjusted on an actual cost replacement value with no depreciation being considered." We do not agree.
It goes without saying that a lease agreement, like any other contract, must be construed to give effect to the intention of the parties. The lease clearly provides that the lessee would return the personal property at the end of the lease "in as good condition and state of repair as when received by him" but that he would not be required to make good any depreciation thereof due to "reasonable wear and tear, natural depreciation and obsolescence". If the parties had intended a different measure of damages to apply to shortage items, they should have specifically so provided. They did not; and the only reasonable construction of the lease is that the parties intended that the lessee could be credited with depreciation on shortage items as well as on returned or repaired items. See Miller v. Belknap, Idaho 1954, 266 P.2d 662; Lane v. Spurgeon, 1950, 100 Cal. App.2d 460, 223 P.2d 889; Ghisalberti v. Lagarde, La. App. 1933, 146 So. 763.
The method used by the arbitrators and the umpire in reaching a decision as to the award to be made for each item was in accordance with the lease provision as to arbitration, and we find no error here. No other attack legally sufficient to set aside the award having been made, it was error to set it aside.
For the reasons stated, the judgment appealed from is reversed and the cause remanded with directions to enter judgment upon the award in accordance with the arbitration agreement of the parties.
Reversed and remanded.
TERRELL, C.J., DREW and THORNAL, JJ., and WELCH, Circuit Judge, concur.