PER CURIAM.
The defendant in an action on a construction contract has taken this interlocutory appeal from an order amending a final decree, entered by the Circuit Court for Columbia County, amending the decree with regard to the matters settled by an arbitration award.
The question presented for our determination in this interlocutory appeal is whether the Circuit Court abused its discretion in amending its final decree.
During the course of this litigation both parties thereto executed and filed in the cause, pursuant to the provisions of the Florida Arbitration Code, Chapter 57, Florida Statutes, F.S.A., a “submission to arbitration,” submitting a list of items, connected with the performance under the said construction, which they desired to be determined by a board of arbitrators named by the parties. The court duly appointed the named persons to arbitrate the items thus submitted by the parties. After holding the required hearing, the said board of arbitrators made its award in a letter to the parties dated February 14, 1966, requiring the contractor, the defendant, to accomplish certain enumerated items and, as to all other items in dispute, resolving those matters by crediting a certain sum to the plaintiff, the owner, against the said contract.
The plaintiff then filed a motion to confirm the arbitrators’ award, which motion was granted by an order of the court. Later the plaintiff filed a motion for a final decree affirming the said order confirming the said award.
In its final decree the court granted the last-mentioned motion and adjudged that the said arbitrators’ award shall be “the order of this court.” The decree, however, also contained the following provision :
“The Arbitrators’ Award settles all matters between the parties up to and including February 14, 1966. Any controversies as may exist between the parties since February 14, 1966, are not affected by this Order.”
The plaintiff then filed a petition to modify the final decree by deleting therefrom the above-quoted provision, on the grounds that the language of the said provision is vague and indefinite and that the said language “does not take into consideration and limit the Order to the matters specifically submitted to arbitration by the parties in their Agreement to Arbitrate.”
In the order appealed from herein the court granted the plaintiff’s said petition and modified the said final decree by deleting the provision quoted above from that decree and substituting in lieu thereof the following:
“The Arbitrators’ Award settles all matters between the parties submitted to arbitration by the Agreement to Arbitrate.”
We think that the court wisely made the said substitution. There was no legal basis for holding in the deleted provision that the arbitrators’ award settled all matters between the parties up to and including Feburary 14, 1966 (the date of the said award). Under the Florida Arbitration Code the arbitrators had no power or jurisdiction to determine matters not submitted to them by the parties and the court, so any matters not so submitted could not be legally settled .by the arbitration award. If this were not so, the arbitration procedure would likely be unworkable or hazardous, if not unconstitutional.
Accordingly, we hold that the Circuit Court was eminently correct in entering the order appealed from herein and that, pursuant to subdivision c of Rule 4.2 of the Florida Appellate Rules, 32 F.S.A., *462 this interlocutory appeal should be, and it is
Dismissed.
CARROLL, DONALD K., Acting Chief Judge, RAWLS and SPECTOR, JJ., concur.