PEARSON, Judge.
This appeal is by the Dade County Water and Sewer Board from a final judgment *483 of the circuit court declaring void an order of the Board. The Board had ordered the City of North Miami to eliminate a monthly surcharge to its customers in the unincorporated area of Dade County. The appellant Board was the plaintiff in the trial court in a suit to enforce its order against the appellee City.
The Dade County Water and Sewer Board is an agency created under authority of the Dade County Home Rule Charter to regulate utilities which provide water and sewer services within Dade County. The City of North Miami operates a water system which furnishes water to consumers within the City and to over 4,000 consumers in the neighboring unincorporated area. The system was purchased and has been supplemented through revenue bond issues.
In October 1963, the City passed an ordinance establishing a rate schedule which included a one dollar monthly surcharge on each water consumer outside the city limits of the City of North Miami. At that time the County Code of Metropolitan Dade County denied the Board jurisdiction to review rates charged by municipally owned utilities.
In June 1964, the City passed Ordinance No. 695 authorizing the issuance of $4,-850,000.00 in water and sewer revenue certificates. The ordinance provided, among other things, that: the ordinance would constitute a contract between the City and the holders of revenue certificates; the City would fix and maintain rates and collect charges for water and sewer services ; the gross revenues of the waterworks and sewer system, whether from sources within the City or outside it, would be placed in a special revenue fund which would be used to pay the interest on and accomplish the retirement of the certificates ; the City would take no action which might impair or diminish the rights of holders of the revenue certificates; and “no change or alteration of any kind in the provisions of this ordinance may be made, until all of the revenue certificates have been paid in full * * * ” without the approval of the holders.
The City called upon the Board of County Commissioners to Ratify and approve Ordinance 657. The Board of County Commissioners responded by passing Resolution No. 9862:
“NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, FLORIDA, that it does hereby recognize the adoption of said Ordinance No. 657, by the Council of the City of North Miami, Florida, and the right, power and authority of the City of North Miami to adopt said ordinance and issue Subordinated Water and Sewer Revenue Certificates in the aggregate amount of $4,850,000 for the purposes therein set forth; and the Board of County Commissioners recognizes that upon the issuance of these Revenue Certificates authorized by said Ordinance No. 657, there will become vested in the holders from time to time of such Revenue Certificates certain contractual rights in the performance of the provisions and covenants contained in said municipal ordinance. Accordingly, this Board of County Commissioners does hereby affirm and declare for the assurance of the holders from time to time of said Revenue Certificates that, in the exercise of any of the powers granted to it under the Home Rule Charter of Government for Dade County affecting the municipal improvements which are the subject matter of said ordinance, it, the Board of County Commissioners, will do nothing which will in any manner impair the security of any said Revenue Certificates lawfully issued under said ordinance in part for the purposes aforesaid, and further that it will refrain from any action to impair or restrain said City in the imposition and collection of said municipal assessments and fees and the use and application of the proceeds thereof to the payment of the interest on and principal *484 of said Revenue Certificates to the extent and in the manner as provided by-said ordinance.”
Shortly thereafter the City petitioned the circuit court to validate the certificates authorized by Ordinance 657, and on August 4, 1964, the circuit court entered a final decree validating the revenue certificates. In July 1964, the County Code was amended to grant the Metropolitan Water and Sewer Board jurisdiction over rates of municipally owned and operated systems serving unincorporated areas. In January 1965 the appellant Board began its efforts to adjudicate complaints of consumers who were required to pay the one dollar monthly surcharge. More than two years later, on February 15, 1967, the appellant Board, after notice and numerous hearings, found the surcharge to be unreasonable and ordered the City to stop collecting it. The City did not seek review of this order. During the two years of proceedings before the appellant Board the City always maintained that the Board had no jurisdiction to review its rates.
Four months after entry of the order Dade County brought suit seeking an injunction to enforce the appellant Board’s order (the Board by stipulation was later substituted as plaintiff). The City’s answer contained the affirmative defenses that (1) the Board’s order impaired the obligations of the contract between the City and the holders of its revenue certificates; and (2) Resolution No. 9862 estopped Dade County from entering the order the County was seeking to have enforced. The trial court entered a summary final judgment for the defendant-appellee City declaring that “ * * * insofar as it [the Board order] orders a reduction in the rates and charges to be made by the CITY OF NORTH MIAMI, it was void and no effect.” The judgment was based on findings that (1) the Board’s order was an unconstitutional attempt to impair the obligations of a contract between the City and its revenue certificate holders which had been validated by the circuit court; and (2) Dade County was estopped by Resolution No. 9862 to order the City to make any reduction in the rates and charges in effect at the time that Resolution No. 9862 was passed.[1]
We affirm the judgment appealed because the appellant has failed to demonstrate error in the court’s finding that Resolution No. 9862 estopped the County and the Board from ordering the City to make any reduction in rates in effect when the resolution was passed.
The appellant urges that the right to regulate the rates charged by a public utility is part of the police power and that therefore if the County Commission did at *485 tempt to estop itself from regulating the rates of this particular utility it could not do so because governmental powers cannot he contracted away. The appellant relies primarily upon the holding of the Supreme Court of Florida in Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356 (1944). In that case a state statute granted a private bridge company a franchise and authorized the company to fix toll rates for use of a bridge. The company later issued bonds to build a new bridge. Thereafter the Florida Railroad Commission attempted to regulate the toll rates of the bridge company under a state statute passed after the statute granting the franchise to the bridge company. The Supreme Court held that the newer statute transferred the authority to fix toll rates from the company to the Commission and that the Legislature had authority under the police power of the Florida Constitution to effect the change. Since the change of authority to fix toll rates was a legitimate exercise of the police power, the Court implicitly held that change did not impair the obligation of the bridge company to its bond holders. We do not think this holding provides the County with authority to abrogate Resolution No. 9862 and issue an order in direct contravention of the plain purpose of that resolution, which purpose was to encourage prospective purchasers of the City’s revenue certificates.
We do not hold that the police power of Dade County in relation to the water and sewer systems of the City of North Miami is suspended until the revenue certificates are retired. We simply hold that the County by passing Resolution No. 9862 has estopped itself and any of its agencies from reducing water and sewer rates set by the City of North Miami.
We further hold that the rea-sonablesness of the one-dollar monthly surcharge to consumers in the unincorporated areas was a question which could have been raised in the revenue certificate validation proceedings. Once a validation decree becomes final it puts at rest all questions which were raised or which could have been raised in the validation proceedings. Lipford v. Harris, Fla.1968, 212 So.2d 766 (opinion filed July 17, 1968). The reasonableness of the surcharge was not challenged in the validation proceedings. Therefore the question of the reasonableness of the surcharge was put at rest when the validation decree became final. Accordingly, the judgment of the trial court is affirmed.

. “Under these circumstances the Court finds that the County and its governmental agency, the Metropolitan Dade County Water and Sewer Board, is [sic] estopped by Resolution No. 9862 to order the City to make any reduction in the rates and charges in effect at the time Resolution No. 9862 was duly passed. Furthermore, neither Metropolitan Dade County Water and Sewer Board, nor the County Commissioners, nor this Court, nor any legislative body, has the power and jurisdiction to require the City to cease and desist from charging and collecting the rates and charges for service furnished in accordance with the established rate schedule in effect at the time the revenue bonds were validated in Chancery Case No. 64C 7156. Both the State and Federal Constitutions prohibit any impairment of the obligation of a valid contract. The revenue bonds have been validated by a decree of this Court; they therefore constitute a valid contract between the CITS’ OF NORTH MIAMI and the bondholders. Any reduction in the charges in effect at the time of the validation would be unconstitutional and void as an attempt to impair the obligation of a valid contract. Order No. 67-12 of Metropolitan Dade County Water and Sewer Board attempting to require the defendant City to cease and desist collecting approximately $4,000.00 a month is unconstitutional and void as an attempt to impair the obligation of the valid bond contract between the defendant City and its bondholders as validated and approved by this Court in Chancery Case No. 64C 7156.”