RAWLS, Judge.
Appellant, Edward M. Fleming Construction Company, Inc., appeals a final order dismissing its second amended supplemental complaint against the Board of Regents of the State of Florida, with prejudice, and denying a proffered third amended complaint. The primary objective sought by appellants in filing the subject complaints was to seek a judicial review of the findings of an arbiter to whom were submitted certain differences between the parties arising out of a contract for the construction of a dormitory at the University of Florida as a Federal Aid Project.
Among the contract documents was a schedule of prevailing wage rates in the locality as determined by the Secretary of Labor in compliance with the Davis-Bacon Act. When the job was completed, the contractor claimed that it was entitled to be paid over and above the contract price a sum representing wages paid to employees in excess of those stated in the schedule. The Board of Regents did not agree.
The parties then entered into an agreement to arbitrate which provided in part:
“ . . .In the first stage the arbiter [Robert M. Ervin] shall determine the question of whether the Owner [appel-lee] is liable to the Contractor [appellant] on the Contractor’s wage rate claim. If the arbiter finds the Owner not to be so liable, no further arbitration shall take place. If the arbiter finds the Owner to be so liable, the second stage of arbitration shall take place for the purpose of establishing the monetary amount of such liability . . . ”
In making his determination, the arbiter found:
“In view of the foregoing, the posture of the matter is: Has the Contractor established in this arbitration that representations were made to it by the Owner and relied on by it in bidding for the Contract that the Schedule of Prevailing Wage Rates of the United States *53 Secretary of Labor (contained in Addendum No. 1) were in fact wage rates at which the Contractor could employ labor to accomplish the Contractor’s building construction obligations under the subject Contract?
“ . . . The Contractor has failed as a matter of law to establish a right to treat and rely on the schedules of wage rates as representations of the Owner on which the Contractor was entitled to rely. The Contractor has also failed to establish, by the record before me, that as a matter of fact it did rely on any schedule of wage rates as a basis for entering into the Contract.”
The contractor then instituted the instant suit by which it primarily contended that the arbiter incorrectly applied rules of law in the construction of the contract documents and exceeded his authority by determining factual issues.
In affirming the order appealed we adopt the following extracts of the learned trial judge’s orders, viz.:
“In U. S. v. Binghamton Construction Co., 347 U.S. 171, 98 L.Ed. 594, 74 S.Ct. 438, the Supreme Court of the United States held:
‘This case is before us on writ of cer-tiorari to the Court of Claims. The question presented is whether the schedule of minimum wage rates included in a Government construction contract, as required by the Davis-Bacon Act, is a representation or warranty as to the prevailing wage rates in the contract area. We hold that it is not.’
“This would seem to dispose of the case, but plaintiff argues most earnestly that the contract here involved refers to ‘prevailing’ rates while the Davis-Bacon Act and the cited decision refer to ‘minimum wage rates’. This cannot change the Court’s conclusion.
“When we recognize, as we must, that the State statute, Section 215.19 [F.S.A.] is not applicable there is nothing to legally require the payment of any wage rate except the Federal statute which, the Supreme Court has said, does not require the public contracting body to guarantee any wage rate to the contractor.”
and
“The arbitrator expressly held:
‘The contractor has also failed to establish by the record before me that as a matter of fact it did rely on any schedule of wage rates as a basis for entering into the contract.’
“There is adequate support for this finding in the record.
“Plaintiff seeks to avoid the effect of this finding by saying that:
‘This finding is contrary to the limitations on procedure established by the parties. The parties to the arbitration complied with the limitations of the arbitration but the arbitrator disregarded the fact that the first stage was limited solely to a question of law and yet penalizes the contractor for failure to establish an issue of fact. If there was a factual issue, and there was, then the arbitrator should have reserved ruling on Point 1 and proceeded to take evidence on the factual issue of reliance, under Phase 2 of the arbitration agreement.’
“However, the record clearly discloses that the arbitration agreement provided:
‘In the first stage the arbitrator shall determine the question of whether the owner is liable to the contractor on the contractor’s wage rate claim.’
“This language is so explicit that it is incapable of misconstruction. It clearly submits to the arbitrator the question of the owner’s liability, which of necessity must depend upon considerations of law and fact so that the plaintiff cannot be *54 now heard to say that consideration of fact was not involved in the first submission to the arbitrator.”
The judgment appealed is affirmed.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.