283 So.2d 886 (1973)
DADE COUNTY, Florida, by Its Board of County Commissioners, Acting As the Dade County Port Authority, Appellant,
v.
DOBBS HOUSES, INC., a Delaware Corporation Authorized to Do Business in Florida, Appellee.
No. 72-1267.
District Court of Appeal of Florida, Third District.
October 2, 1973.
William W. Gibbs, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman and Alan Greer and Watson & Watson, Miami, for appellee.
Before CHARLES CARROLL, J., and WOODIE A. LILES and SAM SPECTOR, Associate Judges.
SAM SPECTOR, Associate Judge.
By this appeal the Board of County Commissioners of Dade County, acting as the Dade County Port Authority, seeks reversal of a judgment of the lower court affirming an arbitration award made in favor of the appellee corporation.
The matter submitted to arbitration by the parties was the nature of and the relative rights and obligations of the parties under a contract entered into by them in 1946, and subsequent renewals thereof, whereby appellee was to have the concession for restaurant and related services at the Miami International Airport.
When entered into initially in 1946 the contract expressly granted appellee exclusive rights to render the subject services. However, when the new terminal building *887 was constructed in 1958 the contract was renegotiated and the former exclusive nature of the contract expressly was changed to a non-exclusive basis which provided for a limited number of competitors to provide basically the same restaurant and related services to the traveling public as appellee provided. Following the 1958 conversion of the earlier exclusive contract to a non-exclusive basis there have been a number of amendments to the contract and on each such occasion the non-exclusive nature of the contract was recognized and ratified by appellant.
In 1969 appellant desired to enter into a lease agreement for an additional sandwich shop with a party not already operating at the airport terminal. Such a lease, of course, would be violative of the contract with appellee unless that contract could somehow be circumvented or declared void. Appellant sought the latter course and contended that its contract with appellee was void because it had been entered into without advertising and bidding as required by Section 1(19), Chapter 30146, Laws of Florida 1955. Although said law by its terms is applicable only to exclusive franchise or concession contracts, appellant attempted to invoke it by the expedient of contending that the contract in question fell within the law's parameters because it was an exclusive contract rather than one non-exclusive in nature. This contention was advanced by appellant in the face of numerous earlier acknowledgments that the contract was non-exclusive.
The dispute thus precipitated by the parties was submitted to arbitration which resulted in the award for appellee which was confirmed by the lower court. No error has been demonstrated in the order or judgment of confirmation so we affirm. This court's recent decision in Dairyland Insurance Company v. Hudnall (Fla.App. 1973), 279 So.2d 905, expounded upon the restrictions imposed by law upon courts in actions instituted to vacate arbitration awards by Section 682.18(1) Florida Statutes, F.S.A. It would not be of aid to the appellant to show the artitrators committed errors of law and fact. National Hotel v. Koretzky, 96 So.2d 774 (Fla. 1957). Merritt-Chapman & Scott Corp. v. State Road Dept., 98 So.2d 85 (Fla. 1957); Hudnall, supra.
Appellant's contention here that the arbitrators erroneously considered appellee's contention that appellant was equitably estopped from claiming the contract was void is without merit. First, that issue was clearly within the submission of issues initially tendered to the arbitrators and was argued in the brief of appellee. Second, for answer to the question of whether appellant may be equitably estopped by its actions we need only to look to this court's decision in Metropolitan Dade County Water and Sewer Board v. City of North Miami, Fla.App., 213 So.2d 482, holding adversely to this very appellant on the identical question.
The court below was correct in confirming the arbitrator's award.
Affirmed.