PER CURIAM.
This interlocutory appeal was taken by appellant from an order denying appellant’s motion for an order directing the parties to proceed with arbitration and further temporarily enjoining appellant from proceeding with arbitration of the controversy between the parties.
The action below arises from a contract entered into between the parties by which appellant was to provide certain services and pay certain claims as an administrator/risk assumptor for Florida’s Title XIX Medicaid Pharmaceutical Benefits Program. The contract contained the following arbitration clause:
“F. If and when the State Agency and the Contractor should be unable to agree upon the construction or application of any of the terms of this contract, the disagreement shall be submitted to a board of arbitration established and functioning in the manner hereinafter provided. If, in accordance with the foregoing provision of this contract, it becomes necessary for the parties to refer any matter of disagreement to a Board of Arbitration, then the State Agency shall designate one member of such board, the Contractor shall designate one member, and these two shall designate a third. The disagreement shall be resolved by the arbitrators in accordance with the rules of the American Arbitration Association. Unless otherwise agreed, the arbitrators shall sit and decide the case at the capital city of the State. The decision of the arbitrators shall be final and binding on the parties who shall each pay one half of the fees and expenses of the arbitrators.”
A dispute arose between the parties in relation to the contract. The essence of the dispute was that appellant claimed that pursuant to the contract it was entitled to receive monthly premiums for the period beginning with the month in which an applicant’s eligibility for Medicaid began while appellee contended that premiums were to be paid not from the month in which eligibility of an applicant was determined, but from the month in which the applicant was certified and added to the “Master Medical File.” The court below, as the basis for its order enjoining arbitration found as follows:
“1. The state and its agencies cannot submit to binding arbitration unless specifically authorized to do so by a statute which the legislature constitutionally enacts.”
“2. No such statute has been enacted;” We are unable to agree with the above finding as the basis, for enjoining arbitration. As far as has been shown by this record, the legislature has constitutionally enacted the Florida Arbitration Code, Chapter 682, Florida Statutes (1975). § 682.02 thereof provides as follows:
“Arbitration agreements made valid, irrevocable, and enforceable; scope. — Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.”
Under the previous arbitration code as it existed prior to the enactment of Chapter 67-254, Laws of Florida, “parties” to a controversy could make a rule of court of any arbitration to which they might desire to submit the controversy. See Chapter 57, Florida Statutes (1957). Although under the previous arbitration code arbitration agreements for future disputes were not enforceable, the Supreme Court recognized that state agencies with power to contract could agree to arbitrate disputes. This recognition was made even though there were no specific references to state agencies in the arbitration code. See Treadway v. Ter *102 rell, 117 Fla. 838, 158 So. 512 (1935); Merritt-Chapman & Scott Corp. v. State Road Dept., 98 So.2d 85 (Fla.1957). Subsequent to the present arbitration code, this Court has affirmed arbitration awards involving a state agency. See Deeb, Inc. v. Board of Public Instruction of Columbia County, 208 So.2d 460 (Fla. 1 DCA 1968); Edward M. Fleming Construction Co. v. Board of Regents, 265 So.2d 52 (Fla. 1 DCA 1972). Also under the present code our sister court of the Second District Court of Appeal in Bartke’s, Inc. v. Hillsborough County Aviation Authority, 217 So.2d 885 (Fla. 2 DCA 1969), directed that arbitration be compelled. Also in Dade County v. Dobbs Houses, Inc., 283 So.2d 886 (Fla. 3 DCA 1973), the court affirmed an arbitrator’s award against the county. § 409.055, Florida Statutes (1975), vests in appellee the power to contract and be contracted with. We hold that the power to contract implies the power to agree to settlement of disputes under the contract by arbitration. Compare City of Madison v. Frank Lloyd Wright Foundation, 20 Wis.2d 361, 122 N.W.2d 409 (1963); Dormitory Authority of State of New York v. Span Electric Corporation, 18 N.Y.2d 114, 271 N.Y.S.2d 983, 218 N.E.2d 693 (1966).
In addition to its contention that the foregoing conclusion of law of the trial court was a valid reason for enjoining arbitration, appellee contends that it and appellant, prior to submission of this case to arbitration, had reached an agreement by which they settled the question for which arbitration is now sought. Appellant denies that such agreement was reached. Ap-pellee contends that because of this agreement, there is nothing to arbitrate and in addition that such was a separate agreement which is not subject to the arbitration clause of the first agreement. It is our view that if such agreement were reached, it would amount to an amendment to the existing contract and would be covered by the arbitration clause of that contract.
We have considered the other points raised by appellee and find them to be without merit.
Reversed and remanded with directions to vacate the temporary injunction and to order the parties to proceed with arbitration.
McCORD, C. J., and RAWLS and SMITH, JJ., concur.