384 So.2d 169 (1980)
Charles W. CHERRY, Petitioner,
v.
Dr. Oswald P. BRONSON and Bethune-Cookman College, Respondents.
No. 79-345.
District Court of Appeal of Florida, Fifth District.
May 7, 1980.
Rehearing Denied June 10, 1980.
Law Offices of Wagner & Bertone, Holly Hill, for petitioner.
David A. Monaco, of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for respondents.
SHARP, Judge.
Petitioner seeks review by writ of certiorari of the trial court's order granting a motion to dismiss for failure to state a cause of action. Cherry is a tenured member of the Bethune-Cookman College faculty and director of the College's Cooperative Education Program. The respondents are Dr. Bronson, President of Bethune-Cookman College, and Bethune-Cookman College. We quash the order in part.
Upon receiving a notice of dismissal for cause from Bethune-Cookman College, Cherry requested a hearing on the charges in accordance with his rights set forth in the Administrative Faculty and Staff Handbook. He further requested that Dr. Bronson recuse himself from participation in the hearing due to partiality. Dr. Bronson refused. Cherry sought damages in the trial court alleging unilateral breach of his employment contract and malicious interference with his business relationship and he sought declaratory relief, alleging uncertainty of his rights under the faculty handbook. *170 The trial court granted the respondents' motion to dismiss on the ground that the plaintiff failed to exhaust his administrative remedies by proceeding with the scheduled hearing and appealing its outcome to whatever administrative review body was provided. It allowed Cherry twenty days after the conclusion of the administrative remedies in which to amend his complaint.
Declaratory judgments are appropriate to afford parties relief from insecurity and uncertainty with regards to rights or legal relationships. Jones v. Howland, 369 So.2d 438 (Fla. 3d DCA 1979).
The test recognized in this state of whether or not a complaint will give rise to a proceeding under the Declaratory Judgment Act inquires whether or not the party seeking a declaration shows that he is in doubt or is uncertain as to the existence or non-existence of some right, status, immunity, power or privilege and has an actual, practical and present need for a declaration.
Hialeah Race Course v. Gulfstream Rac. Ass'n., 210 So.2d 750, 752 (Fla. 4th DCA 1968). The petitioner alleged he was uncertain as to the nature of his remedies under the college procedure and applicable law. He was being forced to defend his position in an administrative hearing imminently scheduled.
Cherry as a tenured teacher faced with dismissal charges is clearly entitled to a due process hearing. Texton v. Hancock, 359 So.2d 895 (Fla. 1st DCA 1978); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The administrative handbook itself states that the college will not deny a teacher the right of due process. An essential element of a due proces hearing is an impartial decision maker. Megill v. Board of Regents of the State of Florida, 541 F.2d 1073 (5th Cir.1976); Ferguson v. Thomas, 430 F.2d 852 (5th Cir.1970). One basis for Cherry's application to the lower court was to insure that he received a fair hearing by impartial decision makers. In order to carry out that right, Charles Cherry is entitled to a declaration of his rights under his employment contract and under the administrative handbook.
The trial court did not reach this issue. It held that the petitioner would have to exhaust his administrative remedies by participating in the administrative hearing before he could apply to the court for relief. However, the doctrine that administrative remedies must be exhausted applies only when the administrative remedy is available and adequate. State ex rel. Department of General Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); Northeast Airlines, Inc. v. Weiss, 113 So.2d 884 (Fla. 3d DCA 1959). The administrative remedies available to petitioner as set forth in his complaint are not adequate because they do not provide him with a fair and impartial hearing. Therefore, they need not be exhausted. State ex rel. Allen v. Board of Public Instruction, 214 So.2d 7 (Fla. 4th DCA 1968); State ex rel. Dept. of General Serv. v. Willis, 344 So.2d (Fla. 1st DCA 1977). It would be an exercise in futility to require Cherry to participate in an administrative hearing that does not meet the essential requirements of due process.
Petitioner's actions for specific performance and damages are premature and were properly dismissed by the trial court. However, that portion of the order dismissing the complaint for declaratory relief is quashed. We remand this matter to the trial court to determine whether the allegations concerning Bronson's partiality are supported by substantial evidence, and to enter such orders as may be appropriate to assure petitioner a fair and impartial administrative hearing.
ORDER QUASHED IN PART AND REMANDED.
DAUKSCH, C.J., and CROSS, J., concur.