# IN RE: The Matter of Arbitration: PATRICIA A. ARNETTE, etc., et al.

## Case No. 84-21514

Eleventh Judicial Circuit, Dade County

April 11, 1985

### APPEARANCES OF COUNSEL

**Carl DiBernardo** for claimant.

**Leanne J. Frank** for respondent.

### OPINION OF THE COURT

LEONARD RIVKIND, Circuit Judge.

The claimant, PATRICIA A. ARNETTE, as Personal Representative of the Estate of ANNETTE E. COLLINS, moved in this Court to affirm an arbitration award. Respondent, CONTINENTAL INSURANCE COMPANY, filed a counter-petition requesting this Court to vacate the punitive damage award and to reduce the compensatory damage award.

On August 27, 1982, the insured, ANNETTE E. COLLINS, was killed in a motor vehicle accident with an uninsured motorist. The driver, RAYMOND BARROWS, had liability coverage in the amount of 10,000/20,000 under a policy with State Farm, which was offered and accepted by the claimant. The claimant also made demand for uninsured motorist benefits under the policy issued by Respondent,

CONTINENTAL INSURANCE. Respondent, CONTINENTAL IN-
SURANCE COMPANY, insured ANNETTE E. COLLINS, the
claimants decedent, under an automobile liability policy which pro-
vided uninsured motorist coverage in the amount of $300,000. Pursu-
ant to this demand, an arbitration hearing was conducted on May 16,
1984.

On June 7, 1984, an arbitration award was entered granting the
claimant $20,000 in compensatory damages and $200,000 in punitive
damages. The stated basis for the punitive damage award was the
finding of gross negligence on the part of the driver, RAYMOND
BARROWS, who was allegedly intoxicated and simple active negli-
gence on the part of DORA BARROWS, mother of RAYMOND and
owner of the motor vehicle.

The grounds upon which an arbitration award may be vacated are
specified in Section 682.13, Florida Statute (1983). The Court vacates
the arbitration award granting $200,000 in punitive damages to the
claimant and reduces the compensatory damage award to $10,000. This
ruling is pursuant to Section 682.13(1)(c) which instructs the Court,
upon application of a party to an arbitration hearing, to vacate an
award when the arbitrators, in the course of their jurisdiction, exceed
their powers.[1] Punitive damages are not recoverable against an unin-
sured motorist carrier Suarez v. Aguiar, 351 So.2d 1086 (Fla. 3rd DCA
1977), cert. dism., 359 So.2d 1210 (Fla. 1978). In addition, Sabetes v.
International Medical Centers, Inc., 450 So.2d 514, 518 (Fla. 3rd DCA
1984) cites with approval Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354,
386 N.Y.S. 2d 831, 353 N.E.2d 793 (1976) which specifically held that
an arbitrator's award which allows punitive damages must be vacated,
even if agreed upon by the parties. The Court concludes that an award
by arbitrators of punitive damages is contrary to public policy and

---

[1] It is acknowledged that an arbitration award cannot be vacated upon a mistake of
law or fact but only on the statutory grounds set forth in Florida Statute 682.13. It is
the Court's opinion that the claim for punitive damages would fail in a Court of law
under Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). The facts of
the present case do not support a finding of fault upon which Dora Barrows, the owner
of the motor vehicle, could be held liable for punitive damages. In addition, the
arbitration finding of gross negligence on behalf of Raymond Barrows will not support
a claim for punitive damages. White Construction Co. v. Dupont, 455 So.2d 1026 (Fla.
1984); US Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983). However, as
previously indicated, such findings of fact are not subject to review by this Court.
Nation Hotel, Inc. v. Koretzsky, 96 So.2d 774 (Fla. 1957); Lake County, Ed. v. School
Bd. of Lake County, 360 So.2d 1280 (Fla. 2d DCA 1978); Dade County v. Dobbs
House, Inc., 283 So.2d 886 (Fla. 3rd DCA 1973).

exceeds their power. The Court further concludes that, on these grounds, the Court is authorized to vacate an award.

The Court modifies the arbitration award granting compensatory damages. The $10,000 recovery received from the underinsured tortfeasor, RAYMOND BARROWS, must be set off against any recovery received from the Respondent, CONTINENTAL INSURANCE COMPANY. Therefore, the $20,000 compensatory damage award will be reduced to $10,000. Claimant concedes this setoff in his reply brief.

For the reasons stated, the arbitration award granting punitive damages is vacated and the award granting compensatory damages is reduced as indicated.

Respondent is to submit a proposed Final Judgment incorporating this Order by reference therein.