592 So.2d 668 (1991)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Petitioner,
v.
P. Michael RUFF, Etc., Respondent.
No. 78279.
Supreme Court of Florida.
December 19, 1991.
Rehearing Denied February 13, 1992.
Robert A. Butterworth, Atty. Gen., Joseph C. Mellichamp, III, Sr. Asst. Atty. Gen., Donald D. Conn, Gen. Counsel and John B. Fretwell, Sr. Atty., Dept. of Business Regulation, Tallahassee, for petitioner.
P. Michael Ruff, Hearing Officer, in pro. per.
Geoffrey Todd Hodges of Shackleford, Farrior, Stallings & Evans, P.A. and John McNeel Breckenridge, Tampa, for intervenor/respondent Florida West Coast Beverage Distributors, Inc.
PER CURIAM.
The Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, seeks to prohibit a Division of Administrative Hearings hearing officer from exercising jurisdiction over a petition for administrative determination of the validity of emergency rules.[1] The rules in issue were promulgated by the Department of Business Regulation after the United States Supreme Court decision in McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). The Department of Business Regulation asserts that the hearing officer is without jurisdiction because, on remand, only the circuit court has jurisdiction in this matter.
This cause presents unique jurisdictional and legal issues because of its present posture. This posture is the result of the reversal, in part, of this Court's decision in Division of Alcoholic Beverages and Tobacco v. McKesson Corp., 524 So.2d 1000 (Fla. 1988), by the United States Supreme Court in McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), and this Court's subsequent remand to the circuit court in Division of Alcoholic Beverages and Tobacco v. McKesson Corp., 574 So.2d 114 (Fla. 1991), for further proceedings consistent with decision of the United States Supreme Court. While we agree that the Department of Administrative Hearings has jurisdiction over emergency rules promulgated by the Department of Business Regulation, we find that, under the unique circumstances of this case, the constitutional issues are so entwined with the administrative rule issues that all the issues should be resolved in one judicial proceeding. In our remand decision, we stated:
Because nonparties ... will be directly affected by the retroactive tax scheme proposed by the state, all affected by the proposed emergency rule must be given notice and an opportunity to intervene in this action. Therefore, on remand, the *669 trial court not only must determine whether the state's proposal meets "the minimum federal requirements" outlined in the Supreme Court's opinion, it also must determine whether the proposal comports with federal and state protections afforded those against whom the proposed tax will be assessed.
Id. at 116. While we deny the petition for a writ of prohibition, we find that, at this stage of the proceeding, all of the issues can be resolved only by the circuit court. Accordingly, under our jurisdiction of this cause, as well as the supervisory and transfer authority contained in article V, section 2, of the Florida Constitution, we direct that all issues pertaining to this taxing scheme be heard by the circuit judge assigned to this cause on remand.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(7), Fla. Const.