631 So.2d 353 (1994)
STATE OF FLORIDA, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, PETITIONER,
v.
E.D.S. FEDERAL CORPORATION, a foreign corporation, Respondent.
No. 92-4068.
District Court of Appeal of Florida, First District.
February 7, 1994.
*354 F. Philip Blank and William D. Anderson, Law Firm of Blank, Rigsby & Meenan, P.A., Tallahassee, John Slye, Gen. Counsel, Laura Griffin, Co-Counsel, Dept. of Health & Rehabilitative Services, Tallahassee, for petitioner.
Joseph T. Casey, Jr., Deputy Gen. Counsel, E.D.S. Federal Corp., Herndon, VA, John Radey and David P. Healy, Law Firm of Aurell Radey Hinkle Thomas & Beranek, Tallahassee, for respondent.

ON MOTION FOR REHEARING
ERVIN, Judge.
Our original opinion is withdrawn, and the following opinion is substituted for it. The motion for rehearing is otherwise denied.
The Department of Health and Rehabilitative Services (HRS) seeks certiorari review[1] of an order denying its motion to dismiss a complaint filed in circuit court by EDS Federal Corporation (EDS). HRS's motion to dismiss was premised on a provision in the contract between the parties requiring them to engage in a dispute resolution procedure. We conclude the trial court erred in denying the motion and grant the petition for writ of certiorari.[2]
In May 1988, HRS issued a two-volume Request for Proposal (RFP), seeking a fully integrated on-line eligibility system, referred to as the FLORIDA[3] contract, which would manage all public-assistance service delivery, e.g., food stamps, aid to families with dependent children, Medicaid, etc. The RFP contains the following dispute resolution clause:
7.11 Disputes Any dispute concerning performance of the contract shall be decided by the HRS Contracting Officer, who shall reduce the decision to writing and serve a copy on the contractor. The decision of Contracting Officer shall be final and conclusive unless within 30 days from the date of service the contractor files with the Contracting Officer a petition for administrative hearing addressed to the Secretary of HRS. The Secretary's decision in the event of any such petition shall be final, subject to the contractor's right to administrative and judicial review pursuant to Chapter 120, Florida Statutes.
Those submitting proposals are required to file a formal written protest if they dispute the reasonableness, necessity, or competitiveness of the terms and conditions of an RFP. *355 § 120.53(5)(b), Fla. Stat. (Supp. 1988); Fla. Admin. Code R. 10-13.007. EDS did not protest any terms and conditions of the RFP, but instead submitted a proposal and a letter to HRS stating that it accepted and agreed to abide by the RFP's provisions. On May 15, 1989, HRS and EDS entered into a written contract which incorporated specific sections of the RFP, including the dispute resolution clause.
On August 21, 1992, EDS filed a ten-count complaint against both HRS and the Comptroller, Gerald A. Lewis, in circuit court. EDS sued HRS for breach of contract in each count, alleging that HRS has not paid EDS over 45 million dollars due under the FLORIDA contract. In count X, EDS alleged that the Comptroller interfered with HRS's payments to EDS under the contract. HRS filed a motion to dismiss counts I through IX for failure to follow the dispute resolution procedure required by section 7.11 of the contract. The trial court denied HRS's motion to dismiss, stating at the hearing that the relief EDS sought could only be obtained in circuit court. The Comptroller is not a party to the instant petition.
The crux of this dispute is whether the contract provision controls, requiring EDS to engage in an administrative procedure to resolve its complaint, or whether Section 402.34, Florida Statutes (1987),[4] requires EDS to litigate in circuit court, thereby rendering section 7.11 of the RFP unenforceable.
EDS cites a number of cases holding either that statutes similar to section 402.34 provide a remedy in circuit court for actions against an agency involving breach of contract, or that there is no statutory authority permitting contractual disputes to be heard in an administrative forum. See Vincent J. Fasano, Inc. v. School Bd. of Palm Beach County, 436 So.2d 201 (Fla. 4th DCA 1983) (statute provided remedy in circuit court); San Marco Contracting Co. v. Department of Transp., 386 So.2d 615 (Fla. 1st DCA 1980) (statute provided remedy in circuit court; contract provided condition precedent rather than alternative administrative procedure); Peck Plaza Condominium v. Division of Fla. Land Sales & Condominiums, Dep't of Business Reg., 371 So.2d 152 (Fla. 1st DCA 1979) (agency had no authority to construe ambiguous contract in administrative proceeding); State Road Dep't v. Cone Bros. Contracting Co., 207 So.2d 489 (Fla. 1st DCA 1968) (statute provided remedy in circuit court).
HRS, in turn, cites cases in which courts have enforced contractual provisions requiring the parties to engage in some form of alternative dispute resolution procedure. See United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944) (contract required administrative dispute resolution procedure); Graham Contracting, Inc. v. Department of Gen. Servs., 363 So.2d 810 (Fla. 1st DCA 1978) (contractual provision authorized administrative procedure, which could then be reviewed by district court of appeal pursuant to chapter 120), cert. denied, 373 So.2d 457 (Fla. 1979). It is important to note that in none of the cases cited by either party was the court asked to determine the proper avenue of relief when both a statute and a contractual provision provide remedies, as we are called upon to decide.
Typically, a party may waive any right to which it is legally entitled under the constitution, a statute, or a contract. Gilman v. Butzloff, 155 Fla. 888, 891, 22 So.2d 263, 265 (1945); 22 Fla.Jur.2d Estoppel & Waiver § 87 (1980). Waiver does not apply, however, in transactions forbidden by statute or against public policy. 11 Fla.Jur.2d Contracts § 98 (1979). Although section 402.34 legally entitles EDS to sue HRS in circuit court for any alleged breach of contract, nothing in the statute provides that it is the exclusive forum, or prohibits EDS from waiving its right to judicial relief. Moreover, section 402.34 expressly gives HRS the power to contract, which obviously includes the power to agree to an alternative dispute resolution procedure.
EDS claims that RFP 7.11 confers upon HRS a power not authorized by the legislature *356 and relies primarily on Lee v. Division of Florida Land Sales & Condominiums, 474 So.2d 282 (Fla. 5th DCA 1985). In that case, the Fifth District held that the Division erred in imposing a fine on Lee, notwithstanding the latter's breach of the terms of a consent order, because Lee could not contract away the exemption to which he was entitled by law and thereby give the agency the power to regulate a sale which the legislature had expressly placed beyond the agency's regulatory powers.
We do not consider Lee applicable, because the case at bar does not involve an attempt by the agency to create a regulatory power by contract that had been denied the agency by law. Section 402.34 fully empowers HRS to enter into contracts, and we have been cited to no statute disallowing parties with whom the agency contracts from engaging in alternative dispute resolutions.
The courts of this state have in many cases held that it is proper for a dispute between a private entity and an agency to be settled by arbitration. See Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935), and its progeny. This court, moreover, has specifically decided that HRS was bound by a contractual agreement to arbitrate, regardless of the fact that the legislature had not statutorily authorized the agency to submit to binding arbitration. Paid Prescriptions, Inc. v. Department of Health & Rehab. Servs., 350 So.2d 100 (Fla. 1st DCA 1977). EDS contends that the result reached therein was approved only because the court considered the arbitration code[5] and the predecessor to section 402.34[6]in pari materia as providing the requisite statutory authority. We cannot agree. This court did not state that the agency's authority to engage in arbitration depended on the existence of the arbitration statutes. On the contrary, we noted that section 409.055 vested the department with the authority to enter into contracts and held, accordingly, "the power to contract implies the power to agree to settlement of disputes under the contract by arbitration." Id. at 102. It reasonably follows that the power to contract implies as well the power to agree to settle disputes arising under the contract by the dispute resolution procedure in RFP 7.11. In so stating, we note that the United States Supreme Court has approved the enforceability of a provision virtually identical to that in RFP 7.11 in Blair, supra. In that case, the contract between the general contractor and federal government contained a provision providing that all disputes
concerning questions arising under this contract shall be decided by the contracting officer or his duly authorized representative, subject to written appeal by the contractor within 30 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto as to such questions.
Id. 321 U.S. at 734, 64 S.Ct. at 822, 88 L.Ed. at 1043. Rather than follow the procedure provided in the contract, the contractor filed suit in the Court of Claims. The Supreme Court held that the contractor was required to comply with the contractual provision's administrative procedure, authorizing the government to resolve the dispute short of litigation.
We reject as well EDS's claims that the procedure afforded it under RFP 7.11 is an inadequate remedy because (1) HRS cannot be considered an impartial decision maker; (2) 7.11 provides no time limits for the proceedings; (3) money damages cannot be awarded in an administrative forum; and (4) 7.11 does not furnish a complete remedy, because EDS's action against the Comptroller remains in circuit court.
Regarding EDS's first point, the trial court did not make any finding that HRS would be a biased decision maker, and this court cannot reach such conclusion as a matter of law on the record before it. Agencies are commonly called upon to decide disputes to which they are a party under the Administrative Procedure Act. Cherry v. Bronson, 384 So.2d 169 (Fla. 5th DCA 1980), which EDS relies upon, is not inconsistent with the above rule in that the court simply stated *357 that before the petitioner would be required to participate in the administrative hearing on his termination from the faculty, he should be permitted to demonstrate that the administrative remedy was inadequate, by proving his allegation that the college president, who was a member of the administrative review board, was biased.
Regarding EDS's claim that the RFP procedure is inadequate because no time limits are included, EDS cites Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp., 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), wherein the Court held that FSLIC did not have the statutory authority to adjudicate creditors' state law claims against a failed savings and loan. The federal regulations which FSLIC relied upon to adjudicate the claims were held to be invalid, because (1) they improperly conferred the authority on FSLIC to adjudicate without any statutory basis, and (2) the procedure provided no time limits regarding FSLIC's consideration of the claims, thus the creditor would not be required to exhaust an inadequate remedy. In contrast, in the case at bar, EDS agreed to the remedy in the contract, notwithstanding the absence of time limits, which is an altogether different situation from being subject to an invalid regulatory procedure.
In support of EDS's third point, in which it asserts that damages are unavailable in the administrative forum provided by RFP 7.11, EDS relies upon Barry Cook Ford, Inc. v. Ford Motor Co., 616 So.2d 512 (Fla. 1st DCA 1993), wherein this court stated that a party will not be required to exhaust administrative remedies when the administrative forum has no authority to award monetary damages. Neither that case nor the cases cited therein on such point involved an express agreement by the parties to submit disputes to a prescribed administrative procedure, and each involved an action for statutory or tort damages rather than money due under a contract. Under RFP 7.11, the contracting officer is authorized to determine whether HRS has improperly retained any amounts owed EDS under the contract.
Finally, regarding EDS's claim that the RFP procedure provided an inadequate remedy because its cause of action against the Comptroller remains in circuit court, EDS relies upon Department of Business Regulation, Division of Alcoholic Beverages & Tobacco v. Ruff, 592 So.2d 668 (Fla. 1991). In that case, our supreme court ruled that rather than split a case so that the circuit court could decide constitutional issues while the Division of Administrative Hearings determined the validity of challenged emergency rules, the circuit court should decide all the issues, characterizing the situation as "unique" (without elaborating the facts). In the case at bar, EDS alleged in count X of the complaint that the Comptroller asserted a right to determine whether EDS had complied with the FLORIDA contract, and had refused in some instances to process EDS's invoices. EDS thereupon sought a declaration from the circuit court holding that the Comptroller had no authority to refuse to pay EDS. Having no more detail than EDS's bare allegation on this point, and no findings by the trial court, we conclude that there would be no hardship to EDS to proceed with its action against the Comptroller in circuit court, and administratively against HRS. Whether the Comptroller has the statutory authority to refuse to pay EDS under a contract, and whether HRS has breached the actual terms of the contract are separate issues, unlike the entangled issues in Ruff.
We GRANT the petition for writ of certiorari, quash the order of the circuit court, and remand with directions to the circuit court to grant HRS's motion to dismiss counts I through IX.
ALLEN and LAWRENCE, JJ., concur.
NOTES
[1] HRS filed, in the alternative, a petition for writ of prohibition, which we consider an inappropriate remedy. See Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla. 1992).
[2] See University of Miami v. Klein, 603 So.2d 651, 652 (Fla. 3d DCA) ("Permitting parties to litigate in court where there is a legal or contractual obligation to proceed only administratively, constitutes a departure from the essential requirements of law."), review denied, 613 So.2d 6 (Fla. 1992).
[3] Florida On-Line Recipient Integrated Data Access.
[4] Section 402.34 provides, in pertinent part, "The department... . shall have the power to contract and be contracted with, to sue and be sued in actions in ex contractu but not in torts[.]"
[5] Ch. 682, Fla. Stat.
[6] § 409.055, Fla. Stat. (1975).