Mr. Charles P. Vitunac Indian River County Attorney 1840 25th Street Vero Beach, Florida 32960
Dear Mr. Vitunac:
You have asked substantially the following question:
May a county subject itself to arbitration under the terms of a contract with a private entity without reference to the Florida Arbitration Code, Chapter 682, Florida Statutes?
In sum:
A county may settle disputes arising under a contract by providing for arbitration, without reference to the Florida Arbitration Code in Chapter 682, Florida Statutes.
This question arises in light of Attorney General Opinion 74-122, in which this office concluded that Chapter 682, Florida Statutes, the Florida Arbitration Code, did not apply to a county that wished to enter into an interlocal agreement containing a binding arbitration provision. The conclusion in that opinion was based upon a finding that the Legislature had not specifically made political subdivisions of the state subject to the code's terms. Accordingly, the code's reference to "parties" to an arbitration agreement could not be interpreted to encompass the state or its agencies unless the Legislature expressed such an intent by including the state or its political subdivisions in the definition of "parties."[1]
At the time that Attorney General Opinion 74-122 was issued, this office and the courts of this state recognized that counties could exercise only those powers that the Legislature had granted to them. In Speer v. Olson,[2] however, the Supreme Court of Florida acknowledged the statutory grant of home rule powers to counties in Chapter 125, Florida Statutes. The Court observed that the Legislature's intent in implementing the provisions of section1(f), Article VIII, of the Florida Constitution,[3] which gives non-charter counties such powers of self-government as are provided by general or special law, by amending Chapter 125, Florida Statutes, was to enlarge the powers of counties through home rule to govern themselves. The Court concluded that unless the Legislature has preempted a particular subject relating to county government, a county's governing body has full authority to act through the exercise of its home rule power.[4]
Section 682.02, Florida Statutes, states:
Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.
Thus, the Legislature has recognized the validity of an arbitration provision in any written contract or agreement. There is no requirement that the contract include a reference to Chapter 682, Florida Statutes, agreement to be valid. In fact, the statute makes itself inapplicable to any agreement or provision to arbitrate in which it is stipulated that Chapter 682, Florida Statutes, will not apply. Therefore, a provision for arbitration in a written contract would be valid without any reference to Chapter 682, Florida Statutes.
The courts of this state have on several occasions held that it is proper for a dispute between a private entity and an agency of the state to be settled by arbitration.[5] In Paid Prescriptions, Inc. v. Department of Health and Rehabilitative Services,[6] the First District Court of Appeal considered whether the Department of Health and Rehabilitative Services (HRS) could enter into a contract with a private entity and provide that disputes under the contract would be settled by arbitration. Specifically holding that "the power to contract implies the power to agree to settlement of disputes under the contract by arbitration," the court concluded that HRS was bound by the contractual agreement to arbitrate, regardless of the fact that the Legislature had not statutorily authorized the agency to submit to binding arbitration.[7] The court later reaffirmed its conclusion that HRS's authority to enter into a contract with a provision for binding arbitration was based on its authority to contract and not upon a reliance on the arbitration laws in Chapter 682, Florida Statutes.[8]
Applying the rationale and conclusions of the court cases discussed above and considering the home rule powers possessed by counties, I am of the opinion that a county may agree to arbitration as part of a contract with a private entity without reference to the Arbitration Code in Chapter 682, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, City of Saint Petersburg v. Carter, 39 So.2d 804 (Fla. 1949) (term "persons" within statute may mean municipal corporations, but is governed by the Legislature's intent as expressed in or gathered from the purpose of the act). Cf., Op. Att'y Gen. Fla. 75-170 (1975) (ordinarily the state and its agencies are not considered to be within the purview of a statute unless intention to include them is clearly manifest) and Op. Att'y Gen. Fla. 86-94 (1986) (when the legislature intends to include counties within the ambit of a statute, express inclusion is usually made or their inclusion as political subdivisions of the state is made).
[2] 367 So.2d 207 (Fla. 1978).
[3] Section 1(f), Art. VIII, State Const., provides:
Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict.
[4] 367 So.2d at 211.
[5] See, Treadway v. Terrell, 158 So. 512 (Fla. 1935); Paid Prescriptions, Inc. v. Department of Health and Rehabilitative Services, 350 So.2d 100 (Fla. 1st DCA 1977); and State, Department of Health and Rehabilitative Services v. E.D.S. Federal Corporation, 631 So.2d 353 (Fla. 1st DCA 1994).
[6] 350 So.2d 100 (Fla. 1st DCA 1977).
[7] Id. at 102.
[8] See, State, Department of Health and Rehabilitative Services v. E.D.S. Federal Corporation, supra.