PER CURIAM.
Gray Line of Orlando, Ltd. (Gray Line), appeals an order dismissing its complaint against Central Florida Regional Transportation, etc. (Lynx).
Lynx entered into a contract with Gray Line authorizing the latter to furnish certain transportation services in Orange, Seminole and Osceola counties. Gray Line alleged that Lynx breached the contract by failing to pay for services under the contract, by imposing computer and software requirements not contemplated under the contract, and by contracting directly with Gray Lines’ subcontractor for services that were to be provided by Gray Line.
The trial court dismissed Gray Line’s complaint with' prejudice for failure to comply with; the administrative dispute resolution procedure set forth in its contract with Lynx. We affirm the dismissal. See State, Dept. of Health & Rehabilitative Services v. E.D.S. Federal Corp., 631 So.2d 353 (Fla. 1st DCA).
Gray Line argues that the resolution provision applies only to factual disputes and that no factual disputes exist in this case. We disagree. Gray Line’s claim for nonpayment presents several questions of fact, including whether Lynx actually failed to pay, whether Gray Line earned the compensation, and whether the amount claimed is proper. Likewise, Gray Line’s breach of contract counts relating to the computer equipment and the hiring of Gray Line’s former subcontractor also present factual questions, such as whether additional computer equipment costs were wrongly imposed, and whether Lynx was contractually prevented from dealing with Gray Line’s former subcontractor.
The order of dismissal is affirmed.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
GRIFFIN, C.J., dissents without opinion.