207 So.2d 489 (1968)
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, Petitioner,
v.
CONE BROTHERS CONTRACTING COMPANY, a Florida Corporation, Respondent.
No. J-431.
District Court of Appeal of Florida. First District.
March 5, 1968.
*490 Bryan W. Henry, P.A. Pacyna, and Louis S. St. Laurent, Tallahassee, for petitioner.
J. Rex Farrior, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for respondent.
WIGGINTON, Chief Judge.
Petitioner seeks review by certiorari of an order rendered by the Circuit Court of Leon County denying its motion to dismiss the complaint filed by respondent against it in that court. The motion to dismiss denied by the trial court is upon the specific ground that the court lacked jurisdiction over the subject matter of the proceeding and should therefore decline to proceed further in adjudicating the cause of action alleged in the complaint.[1]
The complaint brought by respondent against petitioner in the trial court alleges that the parties entered into a road building contract whereby respondent agreed, for a stipulated consideration, to construct a section of state road and an interstate interchange in accordance with plans and specifications, job proposal, and special provisions. The complaint alleges that respondent completed the work in accordance with the contract terms and submitted its final estimate to petitioner for payment, which payment was wrongfully refused. It is to recover judgment for the amount claimed to be owed respondent by petitioner that suit is brought.
Petitioner contends that respondent's exclusive remedy for recovering any amount claimed to be owed it under its road building contract with petitioner is to file a claim with petitioner and seek a hearing and adjudication in accordance with the terms and provisions of Chapter 120, F.S., popularly known as the administrative procedures act adopted in 1961. It is petitioner's further contention that if after exhausting its administrative remedies respondent is dissatisfied with such order as may be rendered by petitioner on its claim, then the exclusive method of reviewing the action of petitioner is by certiorari to the District Court of Appeal as authorized by Part III, Section 120.31, of the act.[2]
We are unable to agree with the interpretation placed by petitioner upon the administrative procedures act and therefore must reject the contention it makes in this cause.
*491 The legislature has seen fit to enact a special statute governing disputes which may arise between contractors and the State Road Department under road building contracts entered into between them, which statute provides as follows:
"Suits by and against department; limitation of actions; forum

"(1) Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department.
"(2) Suits against the department under this section can only be commenced within two years from and after the time of the completion of the work done.
"(3) All actions and suits brought against the department shall be cognizable only in the courts of this state."[3]
Research indicates that the remedy provided by the foregoing statute has been followed in cases brought both before and after adoption of the administrative procedures act, and the question now raised in this case has never before been urged as a defense to any such suit.
Part II of the administrative procedures act expresses the legislative intent to establish minimum requirements for the adjudication of any party's legal rights, duties, privileges or immunities by state agencies.[4]
The definitions section of this part of the act defines agency as follows:
"(1) Agency means the governing body of any state board, commission or department, or state officer who constitutes the agency authorized by law to adjudicate any party's legal rights, duties, privileges or immunities, except the legislature, courts and governor."[5]
From the foregoing it appears clear to us that the general purpose of the administrative procedures act is to provide a means by which state agencies charged with regulatory duties involving the supervision of persons or activities operating under their particular jurisdiction may efficiently, economically and expeditiously adjudicate in accordance with procedural due process such person's legal rights, duties, privileges or immunities arising under the law which the agency is given the right and duty to administer. We find nothing in this act which authorizes any agency to administratively adjudicate claims made against it by persons with whom it has contracted for the purchase of materials or the rendition of services. Disputes such as these are traditionally settled in the courts of this state by adversary proceedings in which the agency as a contracting party is treated as any other citizen. This is the remedy intended to be provided by the enactment of F.S. Section 337.19, F.S.A., quoted above.
Having found petitioner's contention to be without substantial merit, the writ issued herein is discharged and the petition dismissed.
RAWLS and SPECTOR, JJ., concur.
NOTES
[1] Morrison v. Plotkin, (Fla. 1955) 77 So.2d 254.
[2] F.S. § 120.31(1), F.S.A.

"Review of agency orders
(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. If judicial review is sought under this section, the petition shall so state. The venue of the proceedings for such review shall be the appellate district which includes the county wherein hearings before the hearing officer or agency, as the case may be, are conducted, or if venue cannot be thus determined, then the appellate district wherein the agency's executive offices are located."
[3] F.S. § 337.19, F.S.A.
[4] F.S. § 120.20, F.S.A.
[5] F.S. § 120.21(1), F.S.A.