363 So.2d 810 (1978)
GRAHAM CONTRACTING, INC., Appellant,
v.
DEPARTMENT OF GENERAL SERVICES, Appellee.
Nos. KK-284, KK-285.
District Court of Appeal of Florida, First District.
October 31, 1978.
*811 Jon M. Wilson of van den Berg, Gay & Burke, P.A., Orlando, for appellant.
Spiro T. Kypreos, Tallahassee, for appellee.
*812 SMITH, Acting Chief Judge.
Graham, the general contractor for construction of a state office building, appeals from related final orders of the Department of General Services denying the contractor's claims for additional compensation and for extensions of the time of performance, and denying also Graham's request for a formal hearing on the question of whether the contractor's claims were submitted to the architect within the times prescribed by the contract.[1] Section 120.57(1), Florida Statutes (1977); Fla.R.App.P. 9.110.
By motions to dismiss, the Department contends that this court lacks jurisdiction of these appeals under the Administrative Procedure Act, Section 120.68. Because the motions to dismiss embrace all issues raised by the appeal, we accelerated consideration of the merits, received additional briefs, and heard oral argument. We find that the Department's position is unfounded, that the court has jurisdiction and that the Department must accord Graham a hearing on the disputed issue of whether Graham's claims under the contract were timely.
Urging the inapplicability of Section 120.57, which requires an agency hearing in proceedings determining a party's substantial interests, and Section 120.68, providing for judicial review of agency action, the Department does not dispute that it is an agency subject to the Administrative Procedure Act, nor that its denial of Graham's claims for tardiness determined Graham's substantial interests. Rather, the Department contends that its contract with Graham reserves to the Department alone the determination of Graham's claims, and thus makes the Administrative Procedure Act in all respects inapplicable; and, moreover, that an appeal to this court pursuant to Section 120.68 and Fla.R.App.P. 9.110 is in effect a suit against the state for money allegedly due under a contract, which is forbidden for lack of legislative waiver of the sovereign's immunity.
We rejected this argument of the Department, without discussing it, in a recent and similar case involving the same contractor. Graham Contracting, Inc. v. Dept. of General Services, 363 So.2d 809, (Fla. 1st DCA 1978). We now make our ruling explicit.
We have repeatedly held that the 1974 Administrative Procedure Act enforces its discipline on all agency action, unless specifically exempted, which affects the substantial interests of a party. E.g., State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). And the Act subjects all such agency action to the judicial review which Graham here seeks. Section 120.68.
There can be no doubt that the Department's contract with Graham calls for agency action which potentially affects Graham's substantial interests and thereby subjects the Department's action to Chapter 120 discipline and remedies. The agency action required is precisely as stated by the contract:

8.5 Claims and Disputes: Except where under the terms of this contract the Architect's determination is final, and except as otherwise specifically provided in the contract, all disputes arising under the contract ... shall be decided by the Architect, subject to written appeal within thirty (30) days to the Department of General Services. Hearings in connection with such appeals shall be held before one or more Hearing Examiners, appointed by the Executive Director of the Department of General Services to *813 hear such appeals, whose findings, if approved by the Executive Director or the Governor and Cabinet, shall be final and conclusive upon the parties thereto as to such disputes. In the meantime, the Contractor shall diligently proceed with the work as directed. In the determination and settlement of any such dispute, the said Review Panel may assess the costs and charges of the proceeding upon either or both parties, as it may deem equitable under the circumstances ...; and if it deems it equitable, it may award to the successful party, in any dispute, damages for delays, or for necessary costs and expenses, caused by the proceeding, if it finds that the appeal or refusal to accept the Architect's determination was without reasonable cause. The determination of all such matters in the manner provided in this Article shall be a condition precedent to any right to legal action of either party against the other or any matter of dispute arising under this contract.
The action required of the Department under clause 8.5 is agency action by an order as defined by Section 120.52(9):
"Order" means a final agency decision which does not have the effect of a rule and which is not excepted from the definition of a rule, whether affirmative, negative, injunctive, or declaratory in form. An agency decision shall be final when reduced to writing.
In this case the Department's orders denying Graham's claims under the contract and denying Graham the requested Section 120.57(1) hearing on disputed factual issues are contained in letters. Though they do not meet the requirements for orders imposed by Sections 120.57 and 120.59, they are orders nonetheless, and final in the sense of being dispositive in the absence of judicial review. See Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346. (Fla. 1st DCA, 1978). "An agency's failure to enter a proper order, or to afford a hearing, is an occasion for judicial review, not an impediment of it." Harris v. Florida Real Estate Comm'n, 358 So.2d 1123, 1125 (Fla. 1st DCA 1978). See also General Development Corp. v. Division of State Planning, 353 So.2d 1199, 1207 (Fla. 1st DCA 1977).
The Department, as the state's contracting agency for millions of dollars of public works, contends in effect that its contracts may exempt Department action from the Administrative Procedure Act, so that neither the Act's procedural discipline of agency proceedings nor its provision for judicial review is applicable. The Department's companion argument is that, because the legislature has not elsewhere authorized suits against the Department on state contracts, the Department is utterly unaccountable in its decisions to resolve contract disputes in its favor and against contractors. We reject that position in its entirety. The Department's contract with Graham does not purport to exempt the Department from the Administrative Procedure Act; and, if it did, no such contract could be given supervening effect over the Act, which disciplines this and all other agency action not specifically exempted. The legislature has not authorized the Department to contract to itself the power to decide its own monetary disputes with contractors and to place its decisions, and the proceedings in which they are made, beyond the discipline of Chapter 120.
There is no difficulty here with sovereign immunity. We may assume, though we need not decide, that Graham has, in a sense, sued the state by this appeal. Although the relief immediately requested is simply Department compliance with Chapter 120, Graham's ultimate goal is additional money and construction time under its contract. Certainly that is "an interest of value in a material sense to the State as a distinct entity" and is the sort of interest which cannot be enforced by suit against the state without waiver of sovereign immunity. State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson, 136 Fla. 528, 538, 188 So. 834, 839 (1938); Hampton v. State, 90 Fla. 88, 99-100, 105 So. 323, 326-27 (1925), and cases cited; Circuit Court of the Twelfth Jud. Circuit v. Dept. *814 of Natural Resources, 339 So.2d 1113 (Fla. 1976), impliedly receding from Gay v. Southern Builders, Inc., 66 So.2d 499 (Fla. 1953); State ex rel. Division of Administration, Dept. of Transp. v. Oliff, 350 So.2d 484 (Fla. 1st DCA 1977). See also Circuit Court of the Twelfth Jud. Circuit, supra at 1116, and Dickinson v. Board of Public Instr. of Dade Co., 217 So.2d 553, 560 (Fla. 1968) (dissent), concerning the use of legislative claims bills to discharge "moral obligations," i.e., unenforceable legal obligations of the state.
It cannot be doubted that the Administrative Procedure Act's "impressive arsenal of varied and abundant remedies for administrative error"[2] includes judicial power to enforce, in proper cases, contractors' money claims against state agencies which have groundlessly denied them. Section 120.68 grants judicial power, on review of agency action, to decide "the rights, privileges, obligations, requirements, or procedures at issue between the parties," and "to provide whatever relief is appropriate," whether "mandatory, prohibitory, or declaratory in form." Section 120.68(13)(a). See also Section 120.69(1)(b).
If these provisions make Section 120.68 appeals suits against the state for which legislative waiver of sovereign immunity is required, Article X, Section 13, Constitution of Florida, the short answer to the Department's claim of immunity is that these are the remedies which the legislature has provided by Chapter 120. To the extent of those remedies, the legislature has waived any claim of state immunity for state action wrongfully depriving citizens of contract rights. This court's decision in State Road Dept. v. Cone Bros. Contracting Co., 207 So.2d 489, 491 (Fla. 1st DCA 1968) is not to the contrary. Although the court denied judicial review of the State Road Department's action on a contract dispute, it did so construing the 1961 Administrative Procedure Act and in circumstances in which the legislature had provided a remedy in circuit court. Section 337.19, Florida Statutes (1967).
We likewise reject the Department's contention that Chapter 120 is unconstitutional because its enacting bill gave no notice of an intention to waive the sovereign's immunity to the extent provided in the Act. Article III, Section 6, Florida Constitution. The title of Chapter 74-310 gives sufficient notice of "providing judicial review" and of "providing for enforcement of agency action." Contrast State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374 (1930). Any imperfection in the title to the 1974 Act was cured by reenactment of Florida Statutes in 1975. Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla. 1972).
The Department's remaining grounds for denying Graham Chapter 120 remedies on its contract claims are also unavailing. Graham's failure to assert to the Department that Graham has paid or is liable for the extra compensation and extended time requested for the benefit of a subcontractor is not shown to deprive Graham of substantial interests in the relief requested. Graham is subject to substantial penalties for failure to complete construction within the allotted time, as extended. Only Graham is in privity with the Department, and the contract requires that the contractor exact the subcontractors' compliance with the time constraints on claims. If there is a reason why a contractor should be required to do more than to vouch for the claim as meritorious, that reason does not appear in the contract, or in any law to which we have been referred, or in any Department rule. Graham may not thusly be denied a hearing.
The Department begs the question by its claim that the uncontroverted record shows Graham's claims were tardy. Because there have been no proceedings satisfying either Section 120.57(1) or 120.57(2), we have no record; we have only a batch of correspondence by which Graham contends and the Department denies that there are disputed factual issues. These free-form proceedings may end the controversy if they are accepted as ending the controversy, but not *815 if a substantially affected party timely invokes Section 120.57(1) or (2) remedies. Capeletti Bros., Inc. v. State, Department of Transportation, supra. If the operable facts are agreed on, or if the factual dispute Graham relies on for entitlement to a Section 120.57(1) hearing is in the Department's judgment irrelevant, the Department may conduct Section 120.57(2) informal proceedings, make a record of Graham's proffer on asserted factual issues requiring formal proceedings, and enter an order satisfying Section 120.59. See also General Development Corp., supra, 353 So.2d at 1209, and the model rules governing informal proceedings in the absence of agency rules more particularly appropriate to recurrent controversies before the agency. Fla. Admin. Code Rule 28-5.41 et seq.
Evidently because the Department has erroneously conceived that Chapter 120 is inapplicable to the Department, it has no rules describing the general course and method of its operations and prescribing rules of practice and procedure for the resolution of disputes under its typical claims and disputes clause. Lamentably, four years after the adoption of Chapter 120 and three years after it became effective, the Department remains in violation of Section 120.53(1)(a), (b), and (c). Its counsel also advises, upon our inquiry at oral argument, that the Department maintains no subject-matter index of its orders entered these past three years in such controversies. If that is true, the Department also violates Section 120.53(2) and deprives itself, its contractors, the general public, and this court of the continuity and rationality such a resource would provide. See McDonald, supra, 346 So.2d at 582.
The Department's action on Graham's claims is set aside and the cause is remanded to the Department for further proceedings in conformity with Section 120.57(1) or (2). Pursuant to Section 120.57(1)(b)9, costs of $50 and attorneys' fees of $1500 are assessed for Graham and against the Department. See Capeletti Bros., Inc. v. State, Dept. of Transportation, supra.
REVERSED, REMANDED.
ERVIN and BOOTH, JJ., concur.
NOTES
[1] Section 8.3.2 of an A.I.A. contract document, incorporated in Graham's contract with the Department, provides that claims for extension of time shall be made in writing to the architect "no more than twenty days after the occurrence of the delay; otherwise they shall be waived." Section 12.2.1 of the same document provides that a contractor claiming entitlement to an increase in compensation shall give the architect written notice "within twenty days after the occurrence of the event giving rise to such claim... . No such claim shall be valid unless so made."
[2] State ex rel. Dept. of General Services v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977).