386 So.2d 615 (1980)
SAN MARCO CONTRACTING COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. MM-156.
District Court of Appeal of Florida, First District.
August 8, 1980.
*616 A.G. Condon, Jr. and Philip A. Bates of Holsberry, Emmanuel, Sheppard & Condon, Pensacola, for appellants.
Margaret Ray Kemper, Ella Jane P. Davis, and H. Reynolds Sampson, Tallahassee, for appellee.
MILLS, Chief Judge.
This is an appeal from an order dismissing San Marco's third amended third party complaint against the Department of Transportation (D.O.T.) on the ground that San Marco failed to allege with specificity that San Marco had filed a claim pursuant to Section 5-14.1 of the Florida State Road Department's Standard Specifications for Road and Bridge Construction (1966), a condition precedent to bringing the third-party complaint against D.O.T. We reverse.
Noonan Construction Company (Noonan) brought suit against San Marco alleging that San Marco breached its contract with Noonan by failing to keep a reasonable schedule in the performance of the contract and that due to the alleged unreasonable and lengthy delay, Noonan suffered increased costs. San Marco denied the allegations of Noonan's complaint and impleaded D.O.T., claiming that D.O.T. was responsible for the delays, if any, and that D.O.T. had materially breached its contract with San Marco for the amounts found to be due Noonan. The third party complaint was dismissed with leave to amend.
The amended third party complaint was dismissed on numerous grounds, including the ground that San Marco had failed to submit a claim as required by Section 5-14.1.
A second amended third party complaint was filed and again D.O.T. moved to dismiss, urging as one of the grounds that the complaint failed to allege that San Marco had submitted a claim pursuant to Section 5-14.1. The trial court granted D.O.T.'s motion to dismiss despite the general allegation by San Marco that it had complied with all conditions precedent, necessary, and proper to the bringing of the third party action. San Marco was given leave to file a third amended third party complaint alleging with specificity that it had submitted a claim to D.O.T.
San Marco filed its third amended third party complaint alleging that San Marco had complied with all conditions precedent, necessary, and proper to the bringing of its action against D.O.T. The trial court granted D.O.T.'s motion to dismiss with prejudice on the ground that San Marco failed to allege with specificity that it had filed a claim pursuant to Section 5-14.1.
The issue before us is whether Section 5-14.1 is a contract term rather than an administrative remedy which must be exhausted or a legal prerequisite to the institution of a third party claim for indemnity against D.O.T.
The Florida State Road Department's Standard Specifications for Road and Bridge Construction were incorporated by reference in the contract between San Marco and D.O.T. Section 5-14.1 provides as follows:
Submission of Claims: Claims arising from conditions not under control of the Department shall be presented in writing to the Engineer within one week from the beginning of such condition. Claims arising from plans changes, engineering errors or other conditions under department control shall be presented in writing to the Engineer before work starts under the changed condition. In case of emergency, the notice of such claim may be given to the Engineer by telephone, but must be confirmed in writing within one week.
Conditions precedent to an action may be alleged generally by saying that they have *617 been performed or have occurred. If the responding party denies that they have been performed or have occurred, that denial must specify what conditions precedent were not performed or did not occur. Florida Rule of Civil Procedure 1.120(c).
Generally, the rule is different, however, if the condition is a prerequisite to a party's right to institute legal proceedings for a particular cause of action. It is the general rule that if the cause of action is created by a statute, the pleader, relying upon the statutory cause of action, must allege compliance with its prerequisites. Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976); Moore v. Crum, 68 So.2d 379 (Fla. 1953). Also, where administrative remedies exist, a pleader should allege that those remedies have been exhausted since exhaustion of administrative remedies is generally required before a court will entertain the action. 1 Fla.Jur.2d, Administrative Law, Section 148 (1978).
The question before us is whether the requirement of Section 5-14.1 as incorporated into the contract between San Marco and D.O.T. is a contractual condition precedent or a legal prerequisite to the accrual of the cause of action. If it is a contractual condition precedent, the provisions of Rule 1.120(c) apply. If it is the latter, compliance with the condition precedent must be pled.
Section 5-14.1 is merely a term of the contract between San Marco and the D.O.T. There is no statute requiring that the subject contract term be complied with before a cause of action will exist or before a claimant will have the right to institute an action in the circuit court for indemnification. Further, the rule regarding exhaustion of administrative remedies is inapplicable because no administrative rule, remedy, or procedure is involved. The Florida legislature has provided by statute that the D.O.T. may be sued on any claim under contract for work done by a person or entities contracting with the D.O.T. Section 337.19, Florida Statutes (1977).
In State Road Department v. Cone Brothers Contracting Co., 207 So.2d 489 (Fla. 1st DCA 1968), the State Road Department filed a motion to dismiss the contractor's complaint urging that the contractor was required to file a claim with the department and proceed administratively. The court rejected the State Road Department's argument, holding that Section 337.19 was enacted by the legislature to govern disputes which may arise between contractors and the State Road Department under road-building contracts entered into between them.
In Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978), this court noted that its decision was not contrary to the Cone Brothers decision, pointing out that in Cone Brothers the legislature had provided a remedy in the circuit court.
Section 120.73, Florida Statutes (1977), states that nothing in the APA shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing.
Since the legislature has not enacted a statute establishing the provisions of Section 5-14.1 as a prerequisite to the accrual of a cause of action for indemnity, and since that section is not an administrative rule, remedy, or procedure, it follows that Section 5-14.1 is merely a term of the contract between the parties. It is a condition precedent relevant to this action, and the pleader need only plead generally that it has complied with all conditions precedent. This San Marco has done and dismissing the third party complaint for failure to allege with specificity the compliance with Section 5-14.1 was error.
We REVERSE and REMAND to the trial court for further proceedings consistent with this opinion.
BOOTH and LARRY G. SMITH, JJ., concur.