413 So.2d 803 (1982)
STATE of Florida, DEPARTMENT OF GENERAL SERVICES, Appellant,
v.
BILTMORE CONSTRUCTION COMPANY, Appellee.
No. AD-477.
District Court of Appeal of Florida, First District.
April 21, 1982.
Rehearing Denied May 24, 1982.
*804 Sylvan Strickland and Spiro T. Kypreos, Tallahassee, for appellant.
Dennis P. Thompson for Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, for appellee.
McCORD, Judge.
This appeal is from an order of the trial court granting appellee's motion for summary judgment in a suit brought by appellant against appellee for damages allegedly incurred from alleged breach by appellee of a construction contract between appellant and appellee. We reverse.
The trial court's order on motion for summary judgment dismissed the cause for lack of jurisdiction over the subject matter and stated as the basis therefor the following:
The undisputed facts show that the administrative proceeding described in part in paragraph 8 of Plaintiff's First Amendment to Amended Complaint resulted in a decision by the First District Court of Appeal in which it quashed the final order of the Department of General Services. Biltmore Construction Co. v. Florida Department of General Services, 363 So.2d 851, 854 (Fla. 1st D.C.A. 1978). It further appears that no further action in that proceeding was taken subsequent to the First District Court of Appeal's decision on November 1, 1978. This action was initiated on October 25, 1979. Accordingly, the Court is of the opinion that it is without jurisdiction of the subject matter because the administrative proceeding has not terminated. Tamiami Trail Tours Inc. v. Railroad Comm., 128 Fla. 25, 174 So. 451 (1937).
The opinion of this Court in Biltmore Construction Co. v. Florida Department of General Services, referred to by the trial court above, was review of an administrative order of the Florida Department of General Services (the Department) which required Biltmore Construction Company (Biltmore) to specifically perform the construction contract which is the subject matter of this action. The proceeding[1] had been brought by Biltmore upon its claim for $9,085.16 retained by the Department from the total contract price for the construction of $3,272,000. The hearing examiner who was appointed to hear the claim entered his recommended order that the claim of Biltmore for the retainage be denied. The Department then entered its final order directing Biltmore to specifically perform the contract. We granted certiorari and quashed the Department's order. We ruled that the Department departed from the essential requirements of law by ordering specific performance of the contract which only a court in the exercise of its equitable powers may decree. No further action was taken in the administrative proceeding, but the Department filed the present action in circuit court against Biltmore for breach of contract.
The trial court erred in dismissing the contract action on the ground that it did not have subject matter jurisdiction. The question of whether or not jurisdiction over a controversy is in the court or in an administrative agency proceeding is one of policy and not of power or jurisdiction. See Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla. 1978). As a matter of policy, a court should not exercise its jurisdiction if an adequate administrative remedy is available until that remedy has been exhausted. Key Haven Associated v. Board of Trustees, 400 So.2d 66 (Fla. 1st DCA 1981); Friends of the Everglades v. State Dept. of Environmental Regulation, 387 So.2d 511 *805 (Fla. 1st DCA 1980); Carrollwood State Bank v. Lewis, 362 So.2d 110 (Fla. 1st DCA 1978), cert. den., 372 So.2d 467 (Fla. 1979).
Here the Department has no administrative remedy for alleged breach of its contract by Biltmore unless it claims no more in damages than the amount of retainage it holds.[2] If it claims damages in excess of that amount, its only remedy is in court because the only adjudication that can be made in the administrative proceeding is whether or not Biltmore is entitled to be paid all of the retainage, part of it or none of it. Thus, if the Department considers that its damages do not exceed the amount of the retainage, the administrative proceeding which has been brought by Biltmore can and should adjudicate that question subject to review by this Court. If the Department considers that its damages exceed such amount, the trial court should proceed to adjudicate the breach of contract action.
The Department's amended complaint in this cause is nonspecific as to the damages it seeks. It alleges damages in excess of $2,500. Thus, we do not know whether it is claiming more or less than the amount of the retainage. If no more than the retainage, the trial court should dismiss the case for failure to exhaust administrative remedies, but if more than that amount, the trial court should proceed with the trial of the case. The Department should be required to amend its complaint to show whether or not it is claiming damages in excess of the retainage amount.
Reversed and remanded for further proceedings consistent with this opinion.
ERVIN and SHAW, JJ., concur.
NOTES
[1] It was a proceeding under the old administrative procedure act, Chapter 120, Florida Statutes (1973).
[2] In the administrative proceeding reviewed by this Court as aforesaid, the hearing examiner found that the architect did not fulfill his responsibilities. See Biltmore Const. Co. v. Florida Dept., etc., supra. The Department filed the damage suit against both Biltmore and Watson and Company, Engineers, the architectural and engineering firm on the construction site. A summary judgment was entered in Watson's favor on the ground that the statute of limitations had run. Thus, initially, the case was properly filed in circuit court regardless of whether the damage claim was for more or less than the amount of the retainage. The Department had no administrative remedy for damages against both Biltmore and Watson in the administrative dispute over the retainage. This, however, is no longer a consideration since Watson is not now a party defendant.