436 So.2d 201 (1983)
VINCENT J. FASANO, INC., Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA, Appellee.
No. 81-1712.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
*202 Larry R. Leiby and Gerald L. Solomon of Leiby & Elder, Miami, for appellant.
George E. Loomis, West Palm Beach, for appellee.
PER CURIAM.
Vincent J. Fasano, Inc. (Fasano), a construction contractor, appeals from a final administrative order by the School Board of Palm Beach County (School Board).
The School Board and Fasano entered into a contract on May 4, 1978, for the construction of a vocational high school in Belle Glade. The school was not substantially completed until the summer of 1980, beyond the contracted completion date.
The Superintendent of Palm Beach Schools made a written recommendation to the School Board to be considered at a January 21, 1981 meeting, which suggested, inter alia, that many of Fasano's claims for change orders (additional compensation and/or extensions for time of performance) be denied and that Fasano be assessed a certain sum as liquidated damages for tardy performance. This report was sent to Fasano with a cover letter dated December 30, 1980, which suggested that a formal hearing on the claims might be in order.
Fasano, by letter of January 31, 1981, agreed that a formal hearing would be in order. On March 13, 1981, Fasano submitted an "amended petition for administrative hearing." On March 16, 1981, Fasano filed a motion to disqualify the School Board pursuant to Section 120.71, Florida Statutes (1981), and Florida Administrative Code Model Rule 28-5.108. Fasano also filed a motion requesting a prehearing conference. A prehearing conference was held between Fasano and the School Board's legal advisor, but no hearing officer was present. On March 23, 1981, Fasano petitioned this court for writ of prohibition to prevent any member of the School Board from acting as hearing officer. The writ was denied.
On March 23, 1981, the hearing commenced before the School Board. Fasano moved to disqualify the School Board as hearing officer. Fasano also objected to the notice of hearing as being inadequate and objected to the Board's failure to adopt rules of procedure as required by the Administrative Procedure Act. These objections were overruled. A final order was entered August 5, 1981, and this appeal ensued.
The parties start from the premise that Fasano was entitled to a hearing under Section 120.57, Florida Statutes (1981). That section provides that "The provisions of this section shall apply in all proceedings in which the substantial interests of a party are determined by the agency [such as the School Board]." We do not agree that the Administrative Procedure Act is implicated in a breach of contract situation involving an agency and an outside contracting party, except under very limited circumstances.
School boards are subject to suit on their contracts by virtue of Section 230.22(4), Florida Statutes (1981), which provides as follows:
(4) CONTRACT, SUE, AND BE SUED.  The school board shall constitute the contracting agent for the district school system. It may, when acting as a body, make contracts, also sue and be sued in the name of the school board; provided, that in any suit, a change in personnel of the school board shall not abate the suit, which shall proceed as if such change had not taken place.
See Jones v. Braxton, 379 So.2d 115 (Fla. 1st DCA 1979); 29 Fla.Jur. Schools § 29 (1967).
The First District has said "[t]hat the capacity to be sued on [a] contract implies the power to breach [the] contract." Jones, 379 So.2d at 119 (suit against school board). We agree with the rationale underlying this principle and hold further that breach of contract is ordinarily a matter for judicial *203 rather than administrative or quasi-judicial consideration.
What an agency may hear and determine must be within the framework of the powers conferred upon the agency. 1 Fla. Jur.2d Administrative Law § 66 (1977). An agency has no authority "to administratively adjudicate claims made against it by persons with whom it has contracted for the purchase of materials or the rendition of services. Disputes such as these are traditionally settled in the courts of this state by adversary proceedings in which the agency as a contracting party is treated as any other citizen." Id., citing State Road Department v. Cone Brothers Contracting Co., 207 So.2d 489, 491 (Fla. 1st DCA 1968). See San Marco Contracting Co. v. State, Department of Transportation, 386 So.2d 615 (Fla. 1st DCA 1980) (no statutory requirement of exhaustion of administrative remedies before filing suit against D.O.T.). See also Biltmore Construction Co. v. State, Department of General Services, 363 So.2d 851 (Fla. 1st DCA 1978) (agencies have no power to order specific performance); Florida Department of General Services v. Biltmore Construction Co., 413 So.2d 803 (Fla. 1st DCA 1982) (agency can sue on contract to extent it lacks adequate administrative remedy).
On the other hand, in Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979), the First District held that the Administrative Procedure Act requires state agencies to conduct formal hearings on contractors' claims for additional compensation and for extensions of time for performance, such as the claims involved in the present case. See also Graham Contracting, Inc. v. State Department of General Services, 363 So.2d 809 (Fla. 1st DCA), dismissed, 364 So.2d 892 (Fla. 1978). This construction afforded a remedy to the contractor who could not sue the Department of General Services on the contract without a waiver by the state of the doctrine of sovereign immunity. By interpreting the Act as requiring formal hearings on contractors' claims and by holding that agency determinations on those claims can be judicially reviewed, the court held "to the extent of those remedies, the legislature has waived any claim of state immunity for state action wrongfully depriving citizens of contract rights." Graham, 363 So.2d at 814. See Biltmore Construction Co., 363 So.2d at 854 n. 1 We, therefore, distinguish Graham, without expressing a view as to the correctness of its rationale, because in the case at bar Fasano is not precluded from pursuing his cause of action in circuit court. Indeed, his right to do so is statutorily mandated. The Graham court hinted that such a distinction might be important by distinguishing State Road Department v. Cone Brothers Contracting Co. Graham, 363 So.2d at 814. In addition, the Graham contract specifically provided for dispute resolution by means of an administrative hearing. There is no such provision in the contract between Fasano and the School Board.
Accordingly, we hold that the so-called "final agency action" appealed here is of no force and effect, is in fact a nullity and Fasano is at liberty to pursue his cause of action in the appropriate judicial forum.
The agency action is therefore quashed and this appeal dismissed.
APPEAL DISMISSED.
HERSEY, HURLEY and DELL, JJ., concur.