627 So.2d 501 (1993)
William F. GESSLER, M.D., Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 92-2737.
District Court of Appeal of Florida, Fourth District.
September 22, 1993.
Order Denying Rehearing December 21, 1993.
*502 Charles L. Curtis of Doumar, Curtis, Cross, Laystrom & Perloff, Fort Lauderdale, for appellant.
Charles F. Tunnicliff, Lisa S. Nelson and Kathryn L. Kasprzak of Dept. of Professional Regulation, Tallahassee, for appellee.
ANSTEAD, Judge.
Appellant, William F. Gessler, appeals the suspension of his medical license and the imposition of other sanctions entered by the Florida Board of Medicine and the Department of Business and Professional Regulation based upon the failure of the Board and the Department to properly compile and index their prior decisions in accord with a legislative mandate. We reverse.

FACTS
After the formal filing of administrative charges, a hearing officer conducted an evidentiary hearing and found that Gessler had: (1) inappropriately and excessively administered controlled substances to an employee-patient-friend between February 1-3, 1986; (2) failed to practice medicine with the level of care, skill and treatment recognized by a reasonably prudent and similar physician as being acceptable under the circumstances; and (3) failed to maintain adequate medical records to justify his course of treatment. As penalties, the hearing officer recommended Gessler be: (1) reprimanded; (2) fined $10,000; (3) suspended for 6 months (reducible by 3 months if he successfully completed a board approved continuing medical education course); and (4) placed on 3 years probation. The Board accepted the recommended order and entered a final order thereon, excepting a reduction of the $10,000 fine to $3,000.
Gessler filed a notice of appeal to this court and also sought a stay. A stay was granted under conditions agreed upon between the parties. The Board also notified various entities and individuals of the suspension of Gessler's license within the 30 day period following the Final Order. However, upon Gessler's request the Board notified the same entities of his appeal and the stay agreed to by the parties pending appeal.

BOARD'S PREMATURE NOTICE
Gessler claims as his first point on appeal that the Board's notification to various entities of his suspension immediately following the final order was a premature enforcement of the suspension of his license. We decline to address this issue.
The notice of appeal is directed to the final order and matters leading up to it. Formally, then, this issue is outside the scope of the appeal, and relief should have been sought through another avenue, perhaps by motion practice in this court or with the agency, or other similar means. In fact, of course, a stay has been entered and the Board has acted by notifying the entities affected of the pendency of this appeal and the supersedeas. Therefore, we decline to consider any further action against the Board.

FAILURE TO COMPLY WITH SECTION 120.53.
Gessler next claims a violation by the Board of section 120.53(2), Florida Statutes (1989), which provides:
Each agency shall make available ...:
(a) All rules formulated, adopted, or used by the agency in the discharge of its functions.
(b) All agency orders.
(c) A current subject-matter index, identifying for the public any rule or order issued or adopted after January 1, 1975. All rules adopted pursuant to this act shall be indexed within 90 days. The Department of State shall by rule establish uniform indexing procedures.
Section 120.53(4) provides:
An agency may comply with paragraphs (2)(b) and (c) by designating by rule an *503 official reporter which publishes and indexes by subject matter each agency order rendered after a proceeding which affects substantial interests has been held.
Further, section 120.68(8) provides:
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. Failure of any agency to comply with s. 120.53 shall be presumed to be a material error in procedure.
Gessler contends the Board has never made all of its orders available and has never prepared a subject-matter index as required by sections 120.53(2)(b) and (c). He claims the resulting prejudice is that he cannot compare his case and the punishment imposed with other cases that may be similar. Based on these violations Gessler made numerous motions during the administrative proceedings seeking a summary disposition in his favor or a stay of proceedings. All such motions were denied.
In response, the Board candidly concedes Gessler is correct: all of the orders by the Board issued after January 1, 1975, many of which may affect substantial rights, are still not published or indexed. The Board's counsel also candidly conceded it would be difficult, if not impossible, to determine if there were other cases similar to Gessler's without reviewing the cases not currently indexed. The Board notes that more recently, and especially with the advent of the Florida Administrative Law Reports in 1979, most of its orders have been published and indexed. At oral argument, counsel for the Board informed this court that the Board was having difficulty in finding someone to compile, index and publish the orders of the Board not included in the existing publications.
Obviously, the legislature has determined the compiling and indexing of Board orders is an important part of the administrative system of justice. It appears the legislature has made a policy decision that the judicial concept of stare decisis should apply to administrative proceedings by requiring the agency to provide reasonable access to prior agency orders. An indexing system is essential to access:
No matter how many rules the agencies adopt, citizens will still need access to a subject matter index of orders. The Florida Act requires each agency to prepare a subject matter index of its orders and to make this index available to the public. The purpose is to protect citizens against arbitrariness, to give citizens the means of finding out whether they are receiving treatment equal to similarly situated persons, and to give the courts the opportunity to determine whether the agency is acting arbitrarily or evenhandedly.
L. Harold Levinson, The Florida Administrative Procedure Act After 15 Years, 18 Fla.St.U.L.Rev. 749, 764 (1991) (footnote omitted).
In McDonald v. Department of Banking and Finance, 346 So.2d 569, 582 (Fla. 1st DCA 1977), the court explained:
The agency's final order in 120.57 proceedings must describe its "policy within the agency's exercise of delegated discretion" sufficiently for judicial review. Section 120.68(7). By requiring agency explanation of any deviation from "an agency rule, an officially stated policy, or a prior agency practice," Section 120.68(12)(b) recognizes there may be "officially stated agency policy" otherwise than in "an agency rule"; and, since all agency action tends under the APA to become either a rule or an order, such other "officially stated agency policy" is necessarily recorded in agency orders. All such rules and orders, catalogued by a subject-matter index, must be made available for inspection and copying by the public in an ever-expanding library of precedents to which the agency must adhere or explain its deviation. Sections 120.53(2), 120.68(12)(b).
(footnote omitted). Persons have the right to examine agency precedent and the right to know the factual basis and policy reasons for agency action. Amos v. Department of Health and Rehabilitative Servs., 444 So.2d 43, 47 (Fla. 1st DCA 1983); State ex rel. Department of General Servs. v. Willis, 344 So.2d 580, 591 (Fla. 1st DCA 1977). In North *504 Miami General Hospital v. Department of Health and Rehabilitation Services, 355 So.2d 1272, 1278 (Fla. 1st DCA 1978), the court noted that the entry of inconsistent orders based upon similar facts, without a reasonable explanation, may violate section 120.68(12)(b), Florida Statutes (1991), as well as the equal protection guarantees of both the Florida and United States Constitutions.
The comments made by counsel for the agency at oral argument unfortunately echo remarks made years ago to another appellate court. The First District issued a warning to administrative agencies in Graham Contracting, Inc. v. Department of General Services, 363 So.2d 810 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979):
Lamentably, four years after the adoption of Chapter 120 and three years after it became effective, the Department remains in violation of Section 120.53(1)(a), (b), and (c). Its counsel also advises, upon our inquiry at oral argument, that the Department maintains no subject-matter index of its orders entered these past three years in such controversies. If that is true, the Department also violates Section 120.53(2) and deprives itself, its contractors, the general public, and this court of the continuity and rationality such a resource would provide. See McDonald, supra, 346 So.2d at 582.
Id. at 815. The late teacher and writer, Patricia A. Dore, one of Florida's leading scholars on administrative law, noted even more recently that things had not changed:
We have had fifteen years experience with the revised chapter 120, and at all times during those fifteen years agencies have been required to compile and maintain subject matter indexes of their orders and to keep those orders available for public inspection. Left to their own devices, agencies simply have not done the job.
See Patricia A. Dore, Seventh Administrative Law Conference Agenda and Report, 18 Fla.St.U.L.Rev. 703, 721 (1991).
Sadly, we must acknowledge that several more years have passed and the agency before us still remains in default. We cannot continue to ignore the violation of such a clear and important mandate. The Board has enormous authority, including the power of life and death over the right to practice medicine in this state. It cannot just throw up its hands and say "I'm sorry" to those entitled to the benefit of the legislative mandate.
The concept of stare decisis, by treating like cases alike and following decisions rendered previously involving similar circumstances, is a core principle of our system of justice. The importance of the doctrine of stare decisis has recently been underscored by a decision of the Florida Supreme Court in which Justice Overton, although believing the majority holding on an issue of enormous significance to the people of Florida was wrong, nevertheless cast his deciding vote to create that majority because he believed the doctrine of stare decisis compelled him to do so.[1] While it is apparent that agencies, with their significant policy-making roles, may not be bound to follow prior decisions to the extent that the courts are bound by precedent, it is nevertheless apparent the legislature intends there be a principle of administrative stare decisis in Florida.

CONCLUSION
The issue presented is straightforward. The agency has received a legislative directive which it has substantially ignored. It has no discretion to ignore such a directive. The default is presumptively prejudicial and the issue of prejudice cannot be resolved without compliance with the directive.
We are inclined to hold that the sanctions imposed against appellant must be stayed pending agency compliance with the legislative mandate contained in section 120.53(4). However, we recognize our holding will substantially affect the proceedings before the Board and all other state agencies that have failed to comply with the legislative mandate.
Accordingly, we invoke the provisions of Rule 9.125 of the Florida Rules of Appellate Procedure and certify the issue before us as one requiring immediate resolution by the *505 supreme court because it is an issue of great public importance and will have a great effect on the proper administration of justice throughout the state.
WARNER, J., and MAGER, GERALD, Senior Judge, concur.

BY ORDER OF THE COURT:
ORDERED upon consideration of appellee's October 7, 1993, motion for clarification and rehearing, this court denied rehearing and grants clarification only to the extent that we acknowledge that we have passed jurisdiction of this matter on to the Florida Supreme Court pursuant to the provisions of Fla.R.App.P. 9.125.
ORDERED that the October 7, 1993, motion for clarification and rehearing filed by the Florida Board of Medicine is denied. Further,
ORDERED that the appellant's October 22, 1993, motion to strike is denied.
NOTES
[1] Perez v. State, 620 So.2d 1256, 1258-61 (Fla. 1993) (Overton, J., concurring).