650 So.2d 1063 (1995)
CLARK, ROUMELIS & ASSOCIATES, INC., a Florida corporation, Appellant,
v.
STATE of Florida, DEPARTMENT OF COMMUNITY AFFAIRS, Appellee.
No. 94-151.
District Court of Appeal of Florida, First District.
February 16, 1995.
Rehearing Denied March 24, 1995.
*1064 Stephen Marc Slepin, P.A. of Slepin & Slepin, Tallahassee, for appellant.
Alfred O. Bragg and David L. Jordan of Department of Community Affairs, Tallahassee, for appellee.
ALLEN, Judge.
This is an appeal from a final order by which the appellee Department of Community Affairs concluded that it lacked subject matter jurisdiction over the appellant's claim. We reverse because the appellee had subject matter jurisdiction, and because the final order misinterprets and misapplies certain provisions of the Code of Federal Regulations.
Okaloosa County was awarded a Florida Small Cities Community Development Block Grant administered by the appellee pursuant to Florida and federal law. See §§ 290.0401-290.049, Fla. Stat. The grant agreement provided in part that in the event the grant application should later be found to be untruthful or inaccurate the appellee upon thirty days written notice could terminate the agreement. The county contracted with the appellant to administer the grant project. The contract provided in part that the appellant would be compensated in equal monthly installments over the twenty-four month life of the grant, and that in the event of the county's breach of the grant agreement with the appellee the appellant could suspend or terminate services to the county.
After several months during which the appellant received payments pursuant to its contract with the county, the appellee determined that the grant application contained an inaccurate representation. Accordingly, on May 20, 1992, the appellee gave the county written notice that the grant would terminate in thirty days and that the county should not incur additional costs. But the appellee subsequently advised the county that additional costs could be reimbursed in accordance with the guidelines set forth in Title 24 of the Code of Federal Regulations, Part 85.
Consistent with the appellee's instructions, the county submitted detailed documentation *1065 of costs incurred over and above the amounts that had previously been disbursed under the grant, and included additional project administration fees payable to the appellant. The appellee approved all the additional amounts requested except the project administration fees.
The appellant initiated a proceeding under section 120.57, Florida Statutes, contesting the appellee's refusal to pay the project administration fees. Following the administrative hearing, the hearing officer issued a recommended order in which he concluded that the project administration fees were properly reimbursable, and recommended that the appellee release the funds required for payment of the fees.
In its final order the appellee declined to follow the recommendation of the hearing officer, concluding instead that it lacked jurisdiction because agencies "have no authority to adjudicate their own liabilities to outside parties." The appellee then concluded that even if it had jurisdiction, the fees would not be payable because, except for the regular monthly installment for May, the fees were cancelable as of May 20, 1992. The appellee ordered that the installment fee for May 1992 be paid, but denied reimbursement for any additional project administration fees.
Relying upon Vincent J. Fasano, Inc. v. School Board, 436 So.2d 201 (Fla. 4th DCA 1983), and State Road Department v. Cone Bros. Contracting Co., 207 So.2d 489 (Fla. 1st DCA 1968), the appellee asserts that it lacked jurisdiction over the subject matter of the appellant's claim. These cases indicate that an agency lacks jurisdiction to administratively adjudicate claims made against the agency by persons with whom the agency has contracted for the purchase of materials or the provision of services. Fasano and Cone Bros. have no application to the present case, which involves an entirely different relationship between the agency and the complaining party.
The appellee also incorrectly asserts that the appellant lacks standing to challenge the appellee's refusal to reimburse the county for the project administration fees. Because the appellant's substantial interest is affected by the appellee's action, the appellant has standing to appear as a party and initiate a section 120.57 proceeding as specified in cases such as Florida Society of Ophthalmology v. State Board of Optometry, 532 So.2d 1279 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1333 (Fla. 1989).
On the merits of the claim, the appellee has incorrectly interpreted and applied the federal regulations in denying reimbursement for the project administration costs. Title 24 of the Code of Federal Regulations, section 85.43(c), specifies in pertinent part that costs incurred after funding is suspended are allowable if such costs "result from obligations which were properly incurred by the grantee or subgrantee before the effective date of suspension or termination, are not in anticipation of it, and ... are noncancelable." A plain reading of this language reveals that its purpose is to provide for reimbursement to a grantee for legally binding and unavoidable commitments made by the grantee in anticipation of grant completion. The appellee's denial of the claim for payment of the fees indicates its failure to recognize this purpose.
The appellee does not contend that the services occasioning the project administration fees have not been performed or that they were performed pursuant to obligations incurred after the effective date of the grant termination. Rather, it argues that the obligation for the fees was incurred in anticipation of the termination of funding because the appellant continued providing services to the county after being notified that funding would terminate. We reject this argument because the county's obligation to pay the project administration fees was incurred upon execution of the contract between the county and the appellant, which occurred months before the appellant was notified that the funding would be terminated. The obligation to pay the fees was therefore not incurred in anticipation of the termination of funding.
Similarly, the appellee asserts that it is obligated for only such installments of the county's obligation to the appellant as were due when it terminated the grant. As has been explained, the obligation to pay for *1066 services provided by the appellant was incurred prior to termination of the grant. Therefore, the fact that the contract between the county and the appellant calls for the fee to be disbursed in equal monthly installments only affects the timing of payment, not the existence of the obligation.
The appellee also asserts that the fees were cancelable because the contract between the county and the appellant permitted the appellant to suspend or terminate services under the contract in the event that the county should breach the grant agreement. The appellee thus argues that the appellant should have terminated services upon learning of the misrepresentation in the grant application. In accordance with the regulation's purpose as expressed above, the project administration expenses would be cancelable only if the grant recipient, the county, had the legal authority to terminate the services. Because the county did not have this authority, the obligation to the appellant was not cancelable.
Accordingly, the final order is reversed and this case is remanded.
BARFIELD and KAHN, JJ., concur.