958 So.2d 986 (2007)
John BAILEY, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, James V. Crosby, Sec., FDOC, Willie Floyd, Warden G.C.I., Jean Dauphin, Medical Director, G.C.I., Wexford Health Services, Inc., and Florida Department of Health, Appellees.
No. 4D06-3519.
District Court of Appeal of Florida, Fourth District.
May 23, 2007.
*987 John Bailey, Raiford, Pro Se.
Bill McCollum, Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for Appellees-Department of Corrections, Department of Health, James V. Crosby and Willie Floyd, and Mitchel Chusid and Scott M. Teich of Ritter Chusid Bivona & Cohen, LLP, Boca Raton, for Appellees-Wexford Health Sources, Inc. and Jean Dauphin.
PER CURIAM.
John Bailey, an inmate at Glades Correctional Institute, appeals the trial court's dismissal of his single-count complaint, which alleged medical malpractice and deliberate indifference to his medical needs under 42 U.S.C. § 1983. The trial court's dismissal order suggests that Bailey's complaint was deficient in its allegations regarding compliance with the pre-suit notice requirements of section 768.28(6)(a), Florida Statutes (2006), and exhaustion of the prison's grievance procedures.
Bailey specifically alleged that he served his claim on the head of the Florida Department of Corrections, the Florida Department of Insurance and Wexford Health Services, Inc. on April 29, 2003; he attached a copy of the notice to his complaint. Having examined the notice, we conclude that it fully satisfies the requirements of section 768.28. Moreover, the subject complaint alleged that plaintiff had "complied with all statutory conditions precedent to bringing this action." Under Florida Rule of Civil Procedure 1.120(c), it is sufficient to generally aver the performance or occurrence of the conditions precedent to suit. This rule applies to the presuit notice conditions of section 768.28. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010, 1022-23 (Fla.1979).
The plaintiff also alleged that he had "exhausted all administrative remedies." We consider this was an adequate pleading of his satisfaction of the exhaustion requirement. Recently, in Jones v. Bock, ___ U.S. ___, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the United States Supreme Court held that the failure to exhaust administrative remedies in a prisoner's suit under section 1983 is an affirmative defense to be pled by the defendant, and that the plaintiff has no obligation to plead exhaustion, even in general *988 terms, in such cases. But see San Marco Contracting Co. v. State, Dep't of Transp., 386 So.2d 615, 617 (Fla. 1st DCA 1980) (stating that exhaustion of administrative remedies should be alleged in complaint).
Accordingly, we reverse the order of dismissal and remand for further proceedings.
Reversed and Remanded.
STEVENSON, C.J., POLEN and TAYLOR, JJ., concur.