BROWNING, JR., EDWIN B., Senior Judge.
 

 Appellant seeks review of an order from the Florida Housing Finance Corporation (Florida Housing) which rejected Appellant’s application for funding to build affordable housing. Appellant argues that Florida Housing impaired the fairness of the proceeding below by failing to index an order in a previous case and post it to the public. Appellant contends that the previous decision was relevant and could have changed the outcome of the case had Appellant and the hearing officer had benefit of the decision. We agree and reverse on this issue.
 

 Florida Housing administers various affordable housing programs, including Multifamily Mortgage Revenue Bonds (MMRB) and State Apartment Incentive Loan (SAIL). Because the demand for
 
 *796
 
 funding exceeds that which is available, qualified affordable housing developments must compete for this funding. To assess the relative merits of proposed developments, Florida Housing has established a competitive application process known as the Universal Cycle pursuant to Florida Administrative Code Chapters 67-21 and 67-48.
 

 Appellant provides affordable rental housing units and applied to Florida Housing for funding in 2008. Appellant sought $12,000,000 in MMRB funds and $3,700,000 in SAIL funds to help finance the construction of a 160-unit apartment complex in South Florida named Villa Capri Apartments. Appellant submitted a timely application, identifying the development as located in Miami; the application deadline was April 7, 2008.
 

 On May 7, 2008, Florida Housing awarded Appellant a preliminary score of 66 points out of 66 possible points and 7.5 points out of 7.5 possible “tie-breaker” points (awarded for proximity to certain services and facilities). Florida Housing, however, concluded that Appellant failed the threshold requirement regarding availability of electricity for the following reason:
 

 The Applicant provided a letter from FPL as evidence of the availability of electricity; however, the letter contains conflicting information. Although the letter refers to the correct Development Name and street address, it refers to the city as Homestead rather than Miami.
 

 Appellant submitted timely cure materials to Florida Housing in response to the threshold failure. The cure documentation contained a letter from FPL dated May 30, 2008, which reflected a Miami address and stated that electricity was available to the site “at the present time.” Florida Housing determined that the cure was deficient because the letter did not specifically state that the service was available to the site on or before the application deadline as required.
 

 Appellant petitioned for an informal hearing. The issue for the hearing was whether Appellant’s application met threshold requirements with respect to the availability of electrical infrastructure as of the application deadline date. Appellant argued at the hearing that the cure letter from FPL was not inconsistent with the original letter demonstrating an electrical infrastructure. The cure letter only addressed a location change to be consistent with the application. Appellant stated that neither the address in the cure letter nor the address in the application was incorrect; the project was located in an unincorporated portion of Miami-Dade County, approximately the same distance from Homestead as Miami. Florida Housing, however, contended that the cure letter replaced the original letter concerning verification of infrastructure. Thus, the cure letter was the only operative document for that purpose and did not demonstrate that electricity was available on or before the application deadline because it stated “at the present time.”
 

 The informal hearing officer stated that there was confusion as to whether the correct address of the project was Miami or Homestead. The hearing officer stated that Appellant’s position was “attractive” and, more than likely, reflected that electricity was in fact available before the deadline as stated in the initial letter. However, to accept the argument would be to disregard the adopted rules which governed the proceeding, Florida Rules of Administrative Procedure 67-21.003(6) and 67-48.006(6). By operation of the rules, Appellant’s cure letter replaced the initial document, and Appellant did not demonstrate that electricity was available as of
 
 *797
 
 the application deadline. Rules 67-21.003(13)(b) and 67-48.004(13)(b) required that Florida Housing reject an application if the applicant fails to achieve the threshold requirements. Therefore, the hearing officer held that Florida Housing properly rejected Appellant’s application for funding. Florida Housing adopted the findings of fact and conclusions of law set forth in the Recommended Order.
 

 On appeal, Appellant contends that Florida Housing interpreted the cure rule differently in
 
 Eclipse West Associates, Ltd. v. Florida Housing Finance Corp.,
 
 Case No. 2006-078RRLP (March 13, 2007). Because Florida Housing did not properly index this decision and make it available to the public electronically, the administrative process was impaired.
 

 In
 
 Eclipse,
 
 Florida Housing held that Eclipse satisfactorily demonstrated that the application address satisfied the requirement of the 2006 Rental Recovery Loan Program application. Eclipse’s original application designated the project address as “located at the SE corner of NW Flagler Drive and NW 4th Street, Ft. Lauderdale.” Florida Housing initially determined that Eclipse failed to meet the threshold requirement regarding the address of the site because the stated address was incorrect_and inaccurate. NW Flagler Drive was not a valid street in Ft. Lauderdale; it was properly identified as Flagler Avenue.
 

 Eclipse filed a cure document identifying the project by reference to “NW Flagler Avenue.” In order to complete the cure, Eclipse had to submit a verification form from FPL confirming the availability of electricity for the project. The FPL letter confirmed electricity as of the date of the letter. FPL had previously provided a letter verifying electricity prior to the application date. Florida Housing denied the application as failing to show infrastructure availability as of the application deadline.
 

 The hearing officer found that Florida Housing’s rules did not require applicants to identify projects using street names found in any specific source of street name information. The rules also did not specify which name or version of a name was required in identifying an address. The hearing officer noted that the street on which the project was located was recognized by local government officials as either Flagler Avenue or Flagler Drive. The hearing officer concluded that the address provided in the application was acceptable. Therefore, there was no necessity for the cure documents to be filed. The issues relating to the FPL letter were moot. Florida Housing adopted the hearing officer’s findings and conclusions.
 

 Section 120.53(l)(a), Florida Statutes (2008), provides that each agency shall maintain all final orders. The agency may provide these orders by a subject-matter index or by a searchable electronic database. § 120.53(l)(a)2., Fla. Stat. (2008);
 
 see also
 
 Fla. Admin. Code R. 67-52.003 (requiring Florida Housing clerk to maintain all final orders and a subject matter index on such orders). Final orders must be indexed or listed within 120 days after the order is rendered. § 120.53(l)(b), Fla. Stat. (2008). Florida Housing does not dispute that the
 
 Eclipse
 
 order was not properly listed or indexed as required by statute.
 

 We hold that Florida Housing’s failure to list or index the
 
 Eclipse
 
 order properly was an error in procedure which impaired the fairness of the proceedings below.
 
 See Graham Contracting, Inc. v. Dep’t of Gen. Servs.,
 
 363 So.2d 810 (Fla. 1st DCA 1978) (stating that agency’s failure to maintain subject-matter index of its orders deprives general public, agency, and this court of the continuity and ration
 
 *798
 
 ality such a resource would provide). Parties in an administrative proceeding have a right to locate precedent and have it apply as well as the right to know the factual basis and policy reasons for agency action.
 
 Amos v. Dep’t of Health and Rehabilitative Servs.,
 
 444 So.2d 43 (Fla. 1st DCA 1983). Had the Appellant known of the decision in
 
 Eclipse
 
 prior to the hearing, it could have raised the same legal arguments which were successful in
 
 Eclipse.
 
 Appellant should be allowed to rely on Florida Housing precedent in presenting its case to Florida Housing. An agency’s failure to follow its own precedent which contains similar facts is “contrary to established administrative principles and sound public policy.”
 
 Brookwood-Walton County Convalescent Ctr. v. Agency for Health Care Admin.,
 
 845 So.2d 223, 229 (Fla. 1st DCA 2003). Accordingly, we remand for Florida Housing to submit the instant case to a hearing officer to conduct a hearing to assess the applicability of
 
 Eclipse
 
 to this case.
 

 REVERSED and REMANDED for further proceedings.
 

 VAN NORTWICK and PADOVANO, JJ., concur.