SALTER, J.
(dissenting).
I respectfully dissent; I would reverse and remand the case for the payment of the $183.00 weekly benefit computed by the Agency for Workforce Innovation in its initial wage transcript and determination.
The Dade County School Board did not submit any written evidence, offer any testimony, or otherwise appear during the hearing on Mr. Vidal’s appeal. His timely written appeal from the Agency’s decision of ineligibility asserted that he was not subject to the special “summer vacation” rule, section 443.091(3)(a) and (c), Florida Statutes (2010), for teachers because he had no contract, agreement, or other assurance of being employed, for the next school term. During the hearing on his appeal, Mr. Vidal testified under oath that he had no contract and no assurance of *439 any kind that he would be called by any school to work. He testified that he had not been called to teach, and thus had not been paid a per diem fee for doing so, after the 2009-2010 school year ended on June 9, 2010. As noted, Dade County Public Schools neither appeared at the hearing nor submitted any written evidence or pleading to the contrary.
During his further appeal from the adverse decision by the Agency’s appeals referee, Mr. Vidal submitted to the Unemployment Appeals Commission a copy of the Commission’s opinion in his favor relating to his unemployment benefits (also after working a number of substitute teaching days for Dade County Public Schools during the preceding regular school year) claimed for the summer of 2007. The Commission’s 2007 ruling in that case held:
The record reflects the claimant worked for the employer as a substitute teacher through the end of the 2006/2007 school year. Because the employer did not notify the claimant he could not return to work as a substitute teacher for the 2007/2008 school year and because the claimant had worked in the 2006/2007 school year, the referee concluded the claimant had a reasonable assurance of employment. The claimant, who last worked as a substitute teacher for the employer on May 23, 2007, was the only party at the hearing. He testified he did not receive a contract at the end of the 2006/2007 school year for the next term and also did not receive any verbal assurances that he would be rehired for the next school year.
Neither the claimant nor the employer (which did not appear at the hearing) asserted that the employer had informed the claimant (directly or by policy) that he would always be assured of a job in the next school year unless told otherwise. Consequently, the record contains no competent evidence to show the claimant was provided with reasonable assurance, as that term is used in the statute, of being rehired for the 2007/2008 school year. The claimant’s testimony that he was never advised he could not return to work for the next school year and he has worked in the 2007/2008 school year is insufficient and cannot serve as a basis to retroactively find the claimant had a reasonable assurance of reemployment. [Emphasis added].
The Commission and district court decisions referred to by the majority involve records in which the school board or district presented competent substantial evidence at the evidentiary hearing. In the case at hand, however — and as in Mr. Vidal’s successful 2006-2007 appeal — the school board presented no evidence whatsoever. The Commission should “follow its own precedent which contains similar facts” as a matter of “established administrative principles and sound public policy.” Villa Capri Assocs., Ltd. v. Fla. Hous. Fin. Corp., 23 So.3d 795, 798 (Fla. 1st DCA 2009).
As defined in section 443.036(36), Florida Statutes (2010), and under the rule of liberal construction in favor of the claimant (section 443.031, Florida Statutes (2010), applicable to the entire unemployment compensation benefits chapter), “reasonable assurance” is something more than a mere possibility that is entirely subject to the employer’s unilateral and unfettered discretion. Mr. Vidal had no such assurance.
For these reasons, the denial of unemployment compensation benefits was not supported by substantial competent evidence, was contrary to the Commission’s own 2007 ruling on the same issue between *440 the same parties, and should be reversed. I therefore respectfully dissent.